**Affirmed and Opinion filed March 8, 2018.**



In The

# Fourteenth Court of Appeals

### NO. 14-16-00758-CR

**PEDRO ANTONIO SEGOVIA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from County Criminal Court at Law No. 14
Harris County, Texas
Trial Court Cause No. 2069334**

## O P I N I O N

A jury convicted appellant Pedro Antonio Segovia of interference with public duties, a Class B misdemeanor. The trial court sentenced appellant to confinement for 180 days and assessed a $250 fine. Appellant's sentence was suspended and he was placed on community supervision for two years. Appellant timely brought this appeal. We affirm.

## SUFFICIENCY OF THE EVIDENCE

Appellant's first and second issues contend there was insufficient evidence to support his conviction. A person commits the offense of interference with public duties if, with criminal negligence, he interrupts, disrupts, impedes, or otherwise interferes with a peace officer while the peace officer is performing a duty or exercising authority imposed or granted by law. Tex. Penal Code § 38.15(a)(1). The information specified that appellant disregarded verbal commands of an officer by driving through a prohibited area. Because a charging instrument is required to allege with reasonable certainty the act or acts relied upon to constitute criminal negligence when criminal negligence is an element of any offense, the State was required to prove appellant, with criminal negligence, interfered with a peace officer when he disregarded the officer's commands by driving through a prohibited area. *See* Tex. Code Crim. Proc. art. 21.15; *Carney v. State*, 31 S.W.3d 392, 396 (Tex. App.—Austin 2000, no pet.); *see also Malik v. State,* 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) (holding sufficiency of the evidence is measured by the elements of the offense as defined by the hypothetically correct jury charge). Appellant claims the State failed to prove beyond a reasonable doubt that he acted with criminal negligence or drove through a prohibited area.

### *The Evidence*

Deputy Mena and Deputy Frederick of the Harris County Sherriff's Department testified on behalf of the State. They were directing traffic at a church in Harris County, Texas, and were standing in a busy four-way intersection when appellant approached. Using verbal and hand signals, as well as a whistle, Mena instructed appellant to stop. The verbal commands were in English and Spanish. Frederick also directed appellant to stop by holding up his hand and blowing his whistle. Appellant initially stopped but then continued to drive into the intersection

2

toward Mena while Mena's back was toward appellant's car. Both deputies testified appellant disregarded their verbal and hand signal commands to stop. Appellant proceeded toward the middle of the intersection and attempted to turn right in a direction blocked off by traffic cones. According to Frederick's testimony, appellant could only turn left because traffic cones were blocking any turn to the right. Defense counsel asked Frederick, "would you consider the area from the corner to the right entrance the prohibited area . . ." Frederick responded, "It's not a prohibited area. Just he's not allowed to turn right at that intersection."

Mena was on the passenger side of the car and Frederick was on the driver's side. Frederick reached inside appellant's car and put the gear shift in park. Appellant attempted to push Frederick away, shifted the car back into drive and tried to continue through the intersection. The deputies removed appellant from the car and handcuffed him and stopped the car.

Mena testified 400-600 cars exit that parking lot after church service, another nearby church also ends services at approximately the same time, and pedestrians use the sidewalk. Mena testified that appellant was leaving the other church service. The purpose of the deputies being on the road and directing traffic was to increase safety for both drivers and pedestrians. Mena testified that appellant's actions impeded and disrupted the deputies' ability to direct traffic. Mena further testified that appellant almost caused several accidents and "could have caused a major accident with serious bodily injury." Both deputies testified appellant's actions made it dangerous for them and the public, and actually resulted in their loss of control of traffic.

Appellant testified that he entered the intersection with the intention of turning right to go home but the officer would not let him make a right turn. According to appellant, if he turned right his home was about two minutes away but if he turned

left it would take ten to twelve minutes. Appellant testified that he stopped the car when Mena held out his hand and told him to stop. Appellant denied moving the car forward after that and denied that his vehicle was ever in the middle of the intersection.

## *Standard of Review*

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences from it, whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Gear v. State,* 340 S.W.3d 743, 746 (Tex. Crim. App. 2011); *see also Jackson v. Virginia,* 443 U.S. 307, 318–19 (1979). The jury is the exclusive judge of the credibility of the witnesses and the weight to be given to the evidence. *See Isassi v. State,* 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Further, we defer to the jury's responsibility to fairly resolve conflicts in testimony, weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id.* This standard applies to both circumstantial and direct evidence. *Id.* We do not engage in a second evaluation of the weight and credibility of the evidence, but only ensure the jury reached a rational decision. *Muniz v. State,* 851 S.W.2d 238, 246 (Tex. Crim. App. 1993).

## *Criminal Negligence*

Appellant first claims there is legally insufficient evidence that he acted with criminal negligence. Criminal negligence is defined as follows:

> A person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person

4

would exercise under all the circumstances as viewed from the actor's standpoint.

Tex. Penal Code §6.03(d). The State was not required to prove appellant was aware of a substantial and unjustifiable risk but that appellant ought to have been aware of a substantial and unjustifiable risk that his conduct would interfere with an officer's exercise of authority. *Lopez v. State*, 630 S.W.2d 936, 940 (Tex. Crim. App. 1982). A person is criminally negligent if he should have been aware of the risk surrounding his conduct but failed to perceive it. *Ford v. State*, 14 S.W.3d 382, 387 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

The evidence set forth above reflects the jury heard evidence that Mena and Frederick were standing in the middle of a busy intersection when appellant disregarded multiple commands to stop, proceeded to the middle of the intersection, and attempted to turn right even though that lane of traffic was blocked off by cones. Further, the jury heard testimony that appellant nearly caused several accidents. From the evidence presented, a rational trier of fact could have found beyond a reasonable doubt that appellant should have been aware that there was a substantial and unjustifiable risk that his actions interrupted, disrupted, impeded, or otherwise interfered with the officers as they tried to direct traffic and that his failure to perceive that risk constituted a gross deviation from the standard of care an ordinary person would have exercised under like circumstances. *See Duncantell v. State*, 230 S.W.3d 835, 842 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd); *Gear,* 340 S.W.3d at 746. Appellant's first issue is overruled.

*Driving Through a Prohibited Area*

Next, appellant asserts there is legally insufficient evidence that he drove through a prohibited area. Appellant contends the "prohibited area" was only the

5

area blocked off by the traffic cones, which he did not enter, and did not include the intersection.

"Prohibited area" is not defined by statute and was not defined in the jury charge. Accordingly, the jury was free to assign to the term its common and ordinary meaning. *Vernon v. State,* 841 S.W.2d 407, 409 (Tex. Crim. App. 1992). A prohibited area is an area into which entry is restricted or forbidden. *See Prohibited Area,* English Oxford, https://en.oxforddictionaries.com/definition/prohibited_area (last visited Feb. 8, 2018). As applicable here "area" is defined as a particular extent of surface, such as a geographic region. *See Area*, MERRIAM–WEBSTER, http//www.merriam-webster.com/dictionary/area (last visited Feb. 28, 2018). "Restricted" in this case is to specifically exclude others *See Restricted*, MERRIAM–WEBSTER, http//www.merriam-webster.com/dictionary/restricted (last visited Feb. 28, 2018). "Forbidden" means not permitted or allowed. *Forbidden*, MERRIAM–WEBSTER, http//www.merriam-webster.com/dictionary/forbidden (last visited Feb. 28, 2018). Thus a prohibited area is a geographic region where excluded persons are not permitted or allowed entry.

According to their testimony, both officers signaled appellant to stop and Mena told him to stop, in English and Spanish. Thus, the jury heard evidence that appellant drove into the middle of the intersection against the directives of two deputies attempting to forbid his entry into that intersection. Frederick's testimony that it was not a "prohibited area" is not conclusive; he further testified that appellant "was not allowed to turn right at that intersection." We therefore conclude there was evidence from which a rational trier of fact could have found beyond a reasonable

doubt that appellant drove through a prohibited area. *See Gear,* 340 S.W.3d at 746.[1] Issue two is overruled.

*Motion for Directed Verdict*

In his third issue, appellant claims the trial court erred by considering the testimony of a witness, given outside the jury's presence, in denying his motion for instructed verdict. The record reflects that after the State rested, defense counsel moved for an instructed verdict on the basis the State did not prove beyond a reasonable doubt that appellant drove through a prohibited area.[2] After the trial court asked for the witness to be brought in, the State moved to reopen and defense counsel objected. The trial court again asked for the witness to be brought in and appellant objected to reopening. Mena was recalled and questioned by the trial court. The trial court then denied the State's motion to reopen as "unnecessary." The trial court also denied the motion for instructed verdict.

The State argues that appellant's issue on appeal does not comport with his objection at trial and therefore nothing is presented for our review. *See* Tex. R. App. P. 33.1(a)(1)(A). To preserve error for our appellate review, appellant must have

---

[1] We note the record reflects there were gestures to locations on a video screen as well as an in-court demonstration regarding the placement of the cones. Because the record contains no description of the in-court demonstration, we may presume the undescribed acts support the jury's findings. *See Gaona v. State*, 733 S.W.2d 611, 613 n. 1 (Tex. App.—Corpus Christi 1987, pet. ref'd). Appellant has the burden of providing a sufficient record for appellate review if he wishes to complain of matters which are affected by testimonial descriptions. *Id.*

[2] Appellant does not assert the trial court erred in denying the motion. We note that any error in the denial of a motion for instructed verdict is treated as a challenge to the legal sufficiency of the evidence. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). We have already concluded the record contains sufficient evidence (without considering the testimony given outside the jury's presence) to establish beyond a reasonable doubt that appellant drove through a prohibited area. If there is sufficient evidence to sustain the conviction, the trial judge did not err in overruling the motion for instructed verdict. *Id.* (citing *Madden v. State*, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990)).

made a timely, specific objection and obtained an adverse ruling from the trial court, and the issue on appeal must comport with the objection made at trial. *See Wooten v. State*, 267 S.W.3d 289, 309 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) (citing *Turner v. State*, 805 S.W.2d 423, 431–32 (Tex. Crim. App. 1991)); Tex. R. App. P. 33.1(a)(1)(A), (2)(A).

Appellant complains that the trial court improperly considered evidence he heard outside the jury's presence. Appellant also argues his Sixth Amendment right to confrontation was violated because he was not permitted to cross-examine Mena when Mena was recalled. We agree with the State that neither of these issues were presented to the trial court. However, appellant asserts the errors are "structural." Structural error may be raised for the first time on appeal barring an express waiver of the right. *Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004).

We only treat error as structural if the United States Supreme Court has labeled it as such. *Lake v. State*, 532 S.W.3d 408, 411 (Tex. Crim. App. 2017)*; see also Williams v. State*, 273 S.W.3d 200, 225 (Tex. Crim. App. 2008). Structural error is not subject to a harm analysis. *Lake*, 532 S.W.3d at 411 (affirming its holding in *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997), that all errors are subject to a harm analysis, with the limited exception of certain federal constitutional errors labeled by the United States Supreme Court as "structural"); *see also Mercier v. State*, 322 S.W.3d 258, 263 (Tex. Crim. App. 2010) (stating "The court of appeals overlooked *Cain's* holding that only errors labeled as structural by the Supreme Court are immune from a harm analysis.").

Appellant cites *Carson v. State*, 515 S.W.3d 372 (Tex. App.—Texarkana 2017, pet. granted), as support that the alleged error in this case was structural. In *Carson*, the trial judge read the State's notice of intent to use extraneous offenses and based its sentencing decision on the State's unproven allegations. *Id*. at 376–77;

8

Tex. Code Crim. Proc. art. 404(b). Carson was only informed of the reliance the trial judge had placed on the existence of the unproven allegations after sentence had been pronounced. *Id.* at 381. The Texarkana court determined the trial judge's sentencing decision was based on supposition that the trial judge should never have considered. *Id.* at 381. After recognizing the right to an impartial judge, the court found the error was structural and reversed for a new sentencing hearing. *Id.* at 381–82 (citing *Arizona v. Fulminante*, 499 U.S. 279, 309–10, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991) (recognizing a violation of the right to an impartial judge is a structural defect which defies analysis by harmless-error standards).

Due process requires a neutral and detached hearing body or officer. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)). A defendant has an absolute right to an impartial judge at both the guilt/innocence and punishment stages of the trial. *Hernandez v. State*, 268 S.W.3d 176, 184 (Tex. App.—Corpus Christi 2008, no pet.); *Carson*, 515 S.W.3d at 378. A ruling or decision made in reliance on an extrajudicial source is sufficient to show bias and deprivation of due process because it results "in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966); *Carson*, 515 S.W.3d at 379.

The evidence at issue in this case is set forth below in its entirety:

THE COURT: . . . Use this screen right here at the witness chair where you can draw a line. Tell me exactly where the defendant's vehicle went.

THE WITNESS: The defendant?

THE COURT: Yes. Where did it stop? Where are the cones?

THE WITNESS: The cones are right kind of off -- can I use that over there?

THE COURT: Sure, sure. Just clear that screen for me, will you?

THE WITNESS: How do you clear it?

THE COURT: Double tap on the left. Thank you. Where are the cones? Show me where you say the cones are.

THE WITNESS: The cones are right here.

THE COURT: Okay. Now where did the defendant's vehicle stop?

THE WITNESS: Right here.

THE COURT: All right.

THE WITNESS: Facing south.

THE COURT: Facing south. Are there cones over there?

THE WITNESS: Yes.

THE COURT: Where are the cones?

THE WITNESS: There are cones here.

THE COURT: Okay.

THE WITNESS: And then there's cones here. And then there's cones here to go this way. But where his car ended was passed [sic] the cones, like if he was trying to make -- go around to make a wide turn, to go around through this way.

THE COURT: Okay. Thank you. Thank you, sir. Please step outside.

The trial court then stated on the record:

THE COURT: Well, the Court finds that the cones and the deputy constitute a traffic control device, or traffic control devices. And that to go around either the deputy, disregard the deputy's instructions, or to go pass [sic] the cones would be going into an area prohibited by the deputy's instructions or by the traffic control devices set up. There was not a specific question asked per se, did he go into a prohibited area. But I think that the jurors can make a reasonable -- can draw a reasonable conclusion that that area was prohibited by virtue of the fact that the cones were set up and that the officer continued to tell the

10

defendant to stop, stop, stop, stop, do not go further.

We determine *Carson* to be distinguishable from the case at bar. In *Carson* the extraneous offense evidence that constituted the extrajudicial source was not in the record. The testimony set forth above was also testified to by Mena and Frederick in the presence of the jury. In addition, the trial judge in *Carson* explained in detail how the extraneous offense evidence affected his sentencing decision. *Id.* at 376–77; Here the trial court recounted evidence that was presented to the jury — "that area was prohibited by virtue of the fact that the cones were set up and that the officer continued to tell the defendant to stop, stop, stop, stop, do not go further" — and did not rely upon the extrajudicial source in ruling on the motion for instructed verdict.[3] Because the trial court's ruling was based on what the trial court learned from his participation in the case and not in reliance on an extrajudicial source, no bias or deprivation of due process has been shown. *See Grinnell*, 384 U.S. at 583; *Carson,* 515 S.W.3d at 379.

In the absence of a violation of the right to an impartial judge, the trial court's consideration of Mena's testimony does not constitute structural error. Accordingly, the failure of appellant's complaint on appeal to comport with his objection at trial presents nothing for our review. *See* Tex. R. App. P. 33.1(a).

Additionally, a violation of the right to confrontation is not a structural error but an error of constitutional dimension. *Merrit v. State*, 529 S.W.3d 549, 555 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) (citing *Langham v. State*, 305 S.W.3d 568, 582 (Tex. Crim. App. 2010); Tex. R. App. P. 44.2(a)). As such, it was incumbent upon appellant to object on confrontation grounds at trial. *See Lee v.*

---

[3] We are again presented with gestures to locations on a video screen with no description of what the trial court was being shown. *See Gaona*, 733 S.W.2d at 613 n. 1.

*State*, 418 S.W.3d 892, 897 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). Appellant failed to raise this argument in the trial court and therefore did not preserve it for our review. *Id.* (citing *Rothstein v. State*, 267 S.W.3d 366, 373 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd)). For these reasons, issue three is overruled.

## CONCLUSION

Having overruled all of appellant's issues, the judgment of the trial court is affirmed.

/s/     John Donovan
          Justice

Panel consists of Justices Jamison, Busby, and Donovan.
Publish — Tex. R. App. P. 47.2(b).