**Affirmed and Opinion filed April 2, 2019.**



In The

# Fourteenth Court of Appeals

NO. 14-18-00233-CR
NO. 14-18-00234-CR

**ANTWAIN TOWNES III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause Nos. 1331227 & 1524616**

## O P I N I O N

Appellant Antwain Townes III appeals two sentences imposed by the trial judge on the ground that the presentence investigation report was biased. Acknowledging he did not object to the presentence report in the trial court, appellant contends the lack of objection does not preclude our review because his asserted right to an unbiased presentence report is a "category-two" *Marin*[1] right,

---

[1] *Marin v. State*, 851 S.W.2d 275, 279-80 (Tex. Crim. App. 1993).

or, alternatively, his trial counsel was ineffective by failing to object. We conclude the record does not support the violation alleged even assuming preservation, and we affirm the trial court's judgments in both cause numbers.

## Background

This appeal involves the sentences imposed for two separate offenses. The first was a Harris County grand jury indictment for felony robbery. Pursuant to a plea bargain with the State, appellant pleaded guilty to the lesser offense of theft from a person, and the trial court deferred adjudication and placed appellant on community supervision for three years. A few months before appellant's community supervision expired, the State moved to adjudicate appellant's guilt. The State alleged that appellant violated the terms and conditions of his community supervision by committing another criminal offense, among many other claimed violations.

In a separate cause, the State indicted appellant for aggravated robbery with a deadly weapon, and appellant pleaded guilty. Because the parties had not agreed to a recommended sentence, the trial court deferred entering a finding of guilt for the aggravated robbery charge and recessed appellant's sentencing hearing pending completion of a presentence investigation report.[2] The report was prepared by the Harris County Community Supervision and Corrections Department. As required by statute in part, the report included the circumstances of the charged offense (including appellant's version), a victim impact statement, appellant's social and criminal history (including the prior theft offense), and a multi-factor risk assessment.[3] The report also attached several character reference letters supporting appellant. Overall, the report indicated that appellant scored in the moderate risk

---

[2] *See* Tex. Code Crim. Proc. art. 42A.252(a).

[3] *See* Tex. Code Crim. Proc. art. 42A.253.

range for recidivism, based on a criminal attitude, poor judgment, negative peers, and a lack of motivation to address primary problems. The report recommended that appellant be placed in the Young Men About Change (YMAC)—Criminal Conduct Track, if appellant was to be placed on community supervision.

Before the sentencing hearing began, the judge confirmed that appellant's counsel had received a copy of the report. Counsel stated he had no objections to the report, and the State offered it into evidence.

The trial court adjudicated appellant guilty of the offense of theft from a person and sentenced appellant to two years' confinement in state jail. For the aggravated robbery charge to which appellant pleaded guilty, the court sentenced appellant to eight years' confinement in the institutional division of the Texas Department of Criminal Justice. The trial court ordered the two sentences to run concurrently.

Appellant timely appealed the judgments in both cases.

## Analysis

Appellant presents a single issue for our review, albeit one with multiple sub-parts. The crux of his complaint is that the presentence report was unfairly biased because the author used words possessing negative connotations when discussing appellant but maintained neutrality when discussing the complainant's report. According to appellant, just as he is entitled to neutrality from the tribunal, he is entitled to neutrality from the presentence report because the preparing officer is the court's "agent." Though appellant did not object to the report in the trial court, he contends no objection was required or, alternatively, his trial counsel was ineffective by failing to object.

Presentence reports are prepared by community supervision and corrections departments, which serve the district courts and county courts at law handling criminal cases within a designated judicial district or combination of districts. *See* Tex. Code Crim. Proc. arts. 42A.001(4), 42A.252(a); Tex. Gov't Code §§ 76.002, 76.004. A presentence report is used anytime a sentence is to be determined by a judge. *Stringer v. State*, 309 S.W.3d 42, 45 (Tex. Crim. App. 2010). Except in situations inapplicable here, trial judges "shall direct a supervision officer to prepare a presentence report for the judge." Tex. Code Crim. Proc. art. 42A.252(a).[4] The report contains general punishment-phase evidence and assists the court in determining the sentence to assess. *Stringer*, 309 S.W.3d at 45; *see also Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (presentence investigation and report may be utilized to assist trial judge in the exercise of discretion when an issue of the proper punishment is present). The report's purpose is to "provide a wide range of information to the trial court without an adversarial hearing," *Stringer*, 309 S.W.3d at 48, and to that end the report's contents are prescribed by statute. Tex. Code Crim. Proc. art. 42A.253. For example, a presentence report must be in writing and include the circumstances of the charged offense, the defendant's criminal and social history, a proposed supervision plan if the court grants community supervision, and any other information relating to the defendant or the offense as requested by the judge. *Id*.

A presentence report may not be inspected by the judge nor may its contents be disclosed unless the defendant pleads guilty or nolo contendere or is convicted of the offense, or the defendant authorizes in writing the judge to inspect the report. *Id.* art. 42A.254. Unless waived, a defendant has the right to read the

---

[4] A "supervision officer" is a person appointed or employed by a community supervision and corrections department to supervise defendants placed on community supervision. Tex. Code Crim. Proc. art. 42A.001(4).

4

report at least forty-eight hours before sentencing. *Id*. art. 42A.255(a). If a defendant believes the report is biased or contains factual inaccuracies, the Legislature has provided statutory remedies, including a right to object, the right to comment on the presentence investigation, and (with the judge's approval) the right to "introduce testimony or other information alleging a factual inaccuracy in the investigation or report." *Id*. art. 42A.255(b).[5]

In the trial court, appellant did not exercise his rights to object or comment on the presentence report or to introduce testimony. On the contrary, appellant urged the court to follow the probation officer's report because he thought the officer "did an excellent job" and made "the correct recommendation." Now, appellant claims he may raise his bias argument for the first time on appeal under *Marin* because the right to an unbiased court may be raised for the first time on appeal,[6] and his asserted right to an unbiased presentence report ought to be treated similarly.

We need not decide whether appellant may complain of an allegedly biased presentence report for the first time on appeal because we conclude the report does not reflect impermissible bias or partiality against him. *See Brumit v. State*, 206 S.W.3d 639, 644-45 (Tex. Crim. App. 2006) (declining to decide whether an objection was required to preserve error and instead resolving appellant's issue on the basis that the record did not reflect partiality of the trial court); *see also Kuzbary v. State*, No. 14-17-00146-CR, 2018 WL 3118579, at *7 (Tex. App.—

---

[5] Appellant does not contend the report contains factual inaccuracies. *Compare Stancliff v. State*, 852 S.W.2d 639, 641 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd) (to successfully challenge presentence report based on factual inaccuracies, appellant must demonstrate that information was materially inaccurate and that judge relied on the inaccurate information), *superseded by statute on other grounds as stated in Whitelaw v. State*, 29 S.W.3d 129 (Tex. Crim. App. 2000).

[6] Appellant cites *Grado v. State*, 445 S.W.3d 736, 741-43 (Tex. Crim. App. 2014).

Houston [14th Dist.] June 26, 2018, no pet.) (mem. op., not designated for publication); *Luu v. State*, 440 S.W.3d 123, 128 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

Appellant argues that the duty of impartiality required of a court is also "imputed" to "agents" of the court, such as an officer who prepares a presentence report. The Court of Criminal Appeals has described presentence report authors as "neutral,"[7] but they are not court "agents" in the sense appellant suggests. Contrary to appellant's argument, a presentence report is not "from" the court; it is *for* the court and prepared by an entity *distinct from* the court.[8]

To demonstrate the report's one-sided nature, appellant relies on certain basic neutrality principles applicable to judges, such as a criminal defendant's right to a neutral and impartial trial judge[9] at both the guilt/innocence and punishment stages of trial;[10] and that a judge should not act as an advocate for, or adversary of,

---

[7] *See Stringer*, 309 S.W.3d at 48 (probation officer who prepares report is neutral).

[8] As the presentence report statutes make clear, community supervision and corrections departments are established by, and operate under the oversight of, a committee or board comprised of the presiding judges of the courts served by the district. *See Hunt Cty. Cmty. Supervision & Corrs. Dep't v. Gaston*, 451 S.W.3d 410, 413 (Tex. App.—Austin 2014, pet. denied) (citing Tex. Gov't Code § 76.004(b)). That oversight includes appointing "a department director," who is charged with the department's day-to-day administration. *Id.* (citing Tex. Gov't Code § 76.004(a), (a-1)). Among other duties, the director employs officers and others to conduct presentence investigations, supervise and rehabilitate defendants placed on community supervision, enforce the conditions of community supervision, and staff community corrections facilities. *See* Tex. Gov't Code § 76.004(b). Although these subordinates are "integral to judicial administration of community supervision regimes," *Hunt Cty.*, 451 S.W.3d at 413, the Legislature has prescribed that community supervision and corrections departments are entities distinct from the courts they serve, albeit still within the Judicial Branch, and that each subordinate "is an employee of the department and not of the judges or judicial districts." Tex. Gov't Code § 76.004(b).

[9] *See Arizona v. Fulminante*, 499 U.S. 279, 309-10 (1991); *Brumit*, 206 S.W.3d at 645; *Luu*, 440 S.W.3d at 128.

[10] *Segovia v. State*, 543 S.W.3d 497, 503 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *see also State v. Hart*, 342 S.W.3d 659, 672 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).

any party.[11]  Appellant urges us to analyze whether a presentence report is biased by the same standards we would analyze whether a judge is biased.  We will indulge that proposition for argument's sake here.

Appellant identifies the following "observations" in the presentence report that he believes are unfairly biased:

- The defendant *claimed* when he initially entered the laundromat he had no intention to commit robbery but when he saw "an opportunity" he decided to commit the offense.

- [The complainant] *reported* . . . he was approached by [appellant] . . . .

- [The complainant] *reported* as he was opening the door to his cash register area [appellant] presented a gun and forced himself in the door and took a little over $700 from the register . . . .

- [The complainant] *reported* he had scratches and marks on his arms . . . .

- [Appellant] *denied* the use of illegal or non-prescribed drugs in his lifetime.

- [Appellant] *claimed* he committed this offense in an attempt to help his mother pay their rent so they would not be evicted from their residence. He *denied* being under the influence of alcohol or drugs during his offense.

- [Appellant] *denied* being involved in a gang, nor any of his friends.

- [Appellant] *associates with antisocial peers who engage in substance use/criminal activity*.

- [Appellant] presented with criminal attitudes, poor judgment, and negative peers, all of which contributed to his involvement in the criminal justice system.

(All emphases supplied by appellant).

These statements do not reflect bias against appellant.  Were appellant challenging the tribunal's conduct—again assuming similar standards apply—

---

[11] *Luu*, 440 S.W.3d at 128.

appellant would be required to show that the challenged comments reflect "a 'deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Abdygapparova v. State*, 243 S.W.3d 191, 198 (Tex. App.—San Antonio 2007, pet. ref'd) (quoting *Liteky v. United* State, 510 U.S. 540, 550 (1994)); *see also Barfield v. State*, 464 S.W.3d 67, 81 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). Appellant argues that "[t]he language and tone of the report reports [appellant's] statements with skepticism - while the complainant's statements are presented in a neutral tone." By and large, however, the excerpted statements describe merely the factual circumstances as related by appellant and the complainant, respectively. We do not read the report's identified sections as reflective of a skeptical or partial attitude against appellant. Even assuming they are fairly interpreted as such, skepticism toward a defendant does not rise to the level of impermissible bias. *Accord Roark v. Mother Frances Hosp.*, 862 S.W.2d 643, 647 (Tex. App.—Tyler 1993, writ denied) ("[H]ealthy skepticism is not the equivalent of hostility, nor is indicative of bias or prejudice."). The officer's statements do not reflect an unfavorable opinion of appellant that is wrongful or inappropriate, either because it is undeserved, because it rests upon knowledge that the subject ought not to possess, or because it is excessive in degree. *See Liteky*, 510 U.S. at 550.

Moreover, reading the cited statements within the report as a whole fortifies our conclusion. Contrary to appellant's suggestion, the report did not focus solely on negative factors, such as appellant's prior criminal history, association with casual acquaintances who have criminal records, and "lack of motivation to address primary problems." The report also discussed factors in appellant's favor, such as his "very strong family support," residence in a low-crime area with no drug activity, educational background, and employment history. The report

concluded with a recommendation that appellant would benefit from a highly structured residential program designed to address his criminal attitudes. Overall, the report provided a balanced approach to appellant's criminal posture, and it attached reference letters praising appellant's character. A presentence report "is as likely to contain information adverse to the punishment position of the state as of the defense,"[12] and this one did.

For these reasons, regardless whether appellant was required to object to the report on bias grounds, we conclude the presentence report is not impermissibly biased against appellant. We overrule appellant's first issue.

Given our disposition, we need not reach appellant's ineffective assistance arguments.

## Conclusion

Having overruled appellant's sole issue on appeal, we affirm the trial court's judgments in both cases.

/s/    Kevin Jewell
Justice

Panel consists of Justices Christopher, Jewell, and Hassan.
Publish — Tex. R. App. P. 47.2(b).

---

[12] *Stringer*, 309 S.W.3d at 48 (internal quotation omitted).