**AFFIRMED as MODIFIED and Opinion Filed October 27, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-19-00632-CR
_____

**VICTOR ZAMARRON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1830457-U**

## MEMORANDUM OPINION
Before Justices Molberg, Carlyle, and Browning
Opinion by Justice Browning

A jury convicted appellant Victor Zamarron of aggravated sexual assault of a child and sentenced him to twenty years' imprisonment. In three issues, appellant contends the trial court abused its discretion by (1) failing to act as a neutral and detached arbiter, (2) violating his common law right to allocution, and (3) violating his rights under the Texas Penal Code with a twenty-year sentence. In addition, appellant and the State both request modification of the judgment. As modified, we affirm the trial court's judgment.

**Background**

The underlying facts are known to the parties. Because appellant has not challenged the sufficiency of the evidence, we provide only a brief recitation of the underlying facts and include additional facts necessary for disposition of the appeal in the discussion sections below. *See* TEX. R. APP. P. 47.1.

On February 19, 2018, complainant was visiting her older brother's home. At the time, appellant (her father) lived there. Complainant testified appellant called her into his room, locked the door, and told her to lay on the bed. He then moved her clothes and touched her vagina and breast with his hand. When he finished, she returned to the living room and did not say anything to her family. She told her mother what happened later that night. Complainant was upset when her mother called the police because she loved appellant and did not want him to get in trouble.

Complainant detailed the incident during her forensic interview at the Dallas Children's Advocacy Center. She also went to Children's Hospital that night for an exam and samples were taken for analysis. Forensic test results of some of the samples included appellant as a potential DNA contributor.

During trial, appellant did not challenge the forensic results, but instead presented expert testimony explaining different ways his DNA could have transferred to complainant other than a criminal act. He also testified in his own defense and denied the allegations.

The jury found appellant guilty and sentenced him to twenty years' imprisonment. This appeal followed.

## Judge as Neutral, Detached Arbiter

In his second issue, appellant argues the trial court demonstrated bias based on an exchange with appellant's sister during the punishment hearing.[1] He contends the trial court "proactively intervened" on behalf of the State and such actions were inconsistent with being a neutral judicial officer. The State responds such complaints should be raised as a separate point of error rather than as a bias challenge, but alternatively, maintains that the trial court did not step outside of its role as a neutral, detached arbiter.

During the sentencing hearing, appellant's sister described appellant as a good person who helped raise her after their parents divorced. He was a good father to his children and always loving towards her children. When counsel asked if she would still trust appellant with her children, she affirmatively answered, "[W]ithout a doubt."

During the State's cross examination, the following exchange occurred:

Q. No amount of evidence could be shown to you that would convince you that your brother did this?

A. Of course not, because I know that the jury - - there's a lot of things behind all this that the jury wasn't able to see.

---

[1] Appellant's first issue requests modification of the judgment. We will address this issue, along with the State's cross-issue requesting modification, later in the opinion.

–3–

THE COURT: Ma'am, we're going - - I'm going to interrupt that. You need to instruct your witness.

[Defense Counsel]: Yes, Your Honor.

THE COURT: Proceed. Ladies and gentlemen of the jury, you're going to disregard the last statement of the witness. Proceed with your question.

Appellant argues that by calling attention to defense counsel's "need" to instruct the witness and then sua sponte instructing the jury to disregard the statement, the trial court stepped out of its neutral role and became an advocate for the State.

We first recognize appellant presents no independent issue on appeal assigning error to the trial court's sua sponte instruction to disregard the comment. We have held, "the remedy for unfair rulings is to assign error to the ruling itself rather than to complain of bias." *McDaniel v. State*, No. 05-15-01086-CR, 2016 WL 7473902, at *11 (Tex. App.—Dallas Dec. 29, 2016, pet. ref'd) (mem. op., not designated for publication). Furthermore, bias almost never can be shown based solely on the judge's rulings in the case. *Id.*; *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) (judicial rulings "can only in the rarest circumstances evidence the degree of favoritism or antagonism required to establish bias").

Regardless, due process requires a neutral and detached judicial officer. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). A defendant has an absolute right to an impartial judge at both the guilt-innocence and punishment phases of trial. *Segovia v. State*, 543 S.W.3d 497, 503 (Tex. App.—Houston [14th

–4–

Dist.] 2018, no pet.). In determining whether a clear bias existed, we review the entire record. *McDaniel*, 2016 WL 7473902, at \*4. Absent a clear showing of bias, a trial court's actions will be presumed to have been correct. *Brumit*, 206 S.W.3d at 645; *see also Abdygapparova v. State*, 243 S.W.3d 191, 198 (Tex. App.—San Antonio 2007, pet. ref'd) (courts enjoy a "presumption of judicial impartiality").

Judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. *Brumit*, 206 S.W.3d at 645. Rather, judicial remarks may suggest improper bias if they reveal an opinion deriving from an extrajudicial source. *Id*. However, when no extrajudicial source is alleged, as none is here, such remarks will constitute grounds for reversal only if they reveal such a high degree of favoritism or antagonism as to make a fair judgment impossible. *Id*. To constitute bias clearly on the record, the deep-seated antagonism must be apparent from the judicial remarks themselves, without "interpretation or expansion" by an appellate court. *Gaal v. State*, 332 S.W.3d 448, 457 (Tex. Crim. App. 2011).

As we have noted in the past, "best practice would suggest a judge should ordinarily refrain from sharing his or her thoughts in many instances where doing so presents risks of necessitating a painful retrial process." *Phifer v. State*, No. 05-18-01232-CR, 2020 WL 1149916, at \*10–11 (Tex. App.—Dallas Mar. 10, 2020, pet. ref'd) (mem. op., not designated for publication). Here, the judge's statement was neither harsh nor an expression of an opinion about the case as the jury had already

determined appellant's guilt. *See Brown v. State*, 122 S.W.3d 794, 798 (Tex. Crim. App. 2003) ("In Texas, a trial judge must also refrain from making any remark calculated to convey to the jury his opinion of the case."). Even if we entertained appellant's characterization of the trial court "scolding" defense counsel by telling counsel to instruct the witness, which we do not, judicial remarks that are critical or even hostile ordinarily do not support a bias or partiality challenge. *Brumit*, 206 S.W.3d at 645.

The trial court's sua sponte instruction to the jury to disregard the sister's statement does not support a showing of bias. A trial court has authority to exercise "reasonable control over the mode and order of examining witnesses and presenting evidence." *See* TEX. R. EVID. 611.

In reaching this conclusion, we reject appellant's reliance on *Taylor v. State*, No. 05-13-01369-CR, 2014 WL 7476393, at *3 (Tex. App.—Dallas Dec. 30, 2014, no pet.) (mem. op., not designated for publication) in which we concluded the trial court's actions deprived the appellant of his due process right to a fundamentally fair sentencing hearing. In that case, the record indicated the trial court not only made critical remarks but also made a telephone call to an employer to question the validity of the appellant's employment status. *Id*. The trial court "put aside its judicial function and assumed the role of an investigator and ultimately a witness by personally investigating appellant's employment status." *Id*. We concluded the trial

court's negative remarks and reliance on extrajudicial information negated the presumption of a neutral hearing officer. *Id*.

Unlike *Taylor*, the record does not indicate the trial court put aside its judicial function and assumed the role of an investigator or witness for the State. In fact, appellant has pointed to nothing in the record other than the above-quoted, isolated exchange to support his bias claim. Further, the record indicates the trial court sustained several of appellant's objections and overruled several State objections throughout the proceedings. Thus, there is no indication the trial court showed any favoritism in its rulings towards the State during the proceedings.

After examining the record as a whole, we conclude the trial court's actions do not reveal "such a high degree of favoritism or antagonism to make a fair judgment impossible." *See Liteky*, 510 U.S. at 555; *Brumit*, 206 S.W.3d at 645. Accordingly, appellant has failed to meet his high burden requiring reversal. We overrule his second issue.

## Common Law Right to Allocution and Violation of Texas Penal Code Objectives

In his third issue, appellant argues the trial court violated his common law right to allocution during punishment. He argues in his fourth issue that his twenty-year sentence violates the penal code's six listed objectives. *See* TEX. PENAL CODE ANN. § 1.02(1)-(6) ("The general purposes of this code are to establish a system of prohibitions, penalties, and correctional measures to deal with conduct that

unjustifiably and inexcusably causes or threatens harm to those individuals or public interests for which state protection is appropriate."). The State responds that appellant failed to object to the trial court; therefore, his issues are not preserved for review.

"Allocution" refers to a trial judge affording a criminal defendant the opportunity to "present his personal plea to the Court in mitigation of punishment before sentence is imposed." *McClintick v. State*, 508 S.W.2d 616, 618 (Tex. Crim. App. 1974) (op. on reh'g). The statutory right is found in article 42.07 of the Texas Code of Criminal Procedure and requires the defendant be asked, before sentence is pronounced, "whether he has anything to say why the sentence should not be imposed against him." TEX. CODE CRIM. PROC. ANN. art. 42.07.

Appellant acknowledges the trial court complied with article 42.07 but argues the statutory version differs significantly from the common law right. Appellant did not complain about a common law allocution right during sentencing, nor did he object when the court pronounced his sentence. An appellate complaint about denial of the right of allocution, whether statutory or one claimed under the common law, requires a timely trial objection. *See Winters v. State*, No. 05-19-00696-CR, 2020 WL 5036148, at *7 (Tex. App.—Dallas July 2, 2020, pet. ref'd) (mem. op., not designated for publication); *Gallegos-Perez v. State*, No. 05-16-00015-CR, 2016 WL 6519113, at *2 (Tex. App.—Dallas Nov. 1, 2016, no pet.) (mem. op., not

designated for publication). Appellant did not timely object. Accordingly, we overrule his third issue.

We likewise overrule appellant's fourth issue. Appellant made no "timely request, objection, or motion" that his sentence violated section 1.02 of the penal code. Section 1.02 was never mentioned at the punishment hearing. Accordingly, appellant failed to preserve his issue for review. *See* TEX. R. APP. P. 33.1; *see also Montelongo v. State*, No. 08-18-00093-CR, 2020 WL 4034961, at *3–5 (Tex. App.—El Paso 2020, no pet.) (not designated for publication) (concluding rule 1.02 issue not preserved when no objection to trial court); *see also Short v. State*, No. 03-11-0000719-CR, 2012 WL 5834565, at *1 (Tex. App.—Austin Nov. 7, 2012, no pet.) (mem. op., not designated for publication). We overrule appellant's fourth issue.

**Modification of Judgment**

In his first issue, appellant argues the judgment must be reformed to reflect that he pleaded not guilty. In a cross-issue, the State requests modification of the judgment to include an affirmative finding the complainant was younger than fourteen years old (specifically nine years old) at the time of the offense.

We have the power to modify the trial court's judgment when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

The record reflects appellant pleaded not guilty to the charged offense prior to voir dire and again pleaded not guilty after the trial court swore in the jury panel. The charge of the court likewise indicates appellant pleaded not guilty. Accordingly, we sustain appellant's first issue and modify the judgment to reflect appellant pleaded not guilty to the charged offense. *See, e.g., Gutierrez v. State*, No. 05-14-01075-CR, 2016 WL 1385673, *3 (Tex. App.—Dallas Apr. 6, 2016, no pet.) (mem. op., not designated for publication) (modifying judgment to reflect not guilty plea).

The code of criminal procedure requires an affirmative finding that the victim of a sexually violent offense was younger than fourteen years of age. *See* TEX. CODE CRIM. PROC. ANN. art. 42.015(b). A "sexually violent offense" includes aggravated sexual assault "committed by a person 17 years of age or older." *See id.* art. 62.001(6)(A). The record reflects appellant was born on February 16, 1975, and the abuse took place on or about February 19, 2018, making appellant forty-three years old at the time of the offense. Complainant was born June 26, 2008 and was nine years old at the time of the offense. Thus, we sustain the State's cross-issue and modify the judgment to reflect an affirmative finding that the victim "was younger than 14 years of age at the time of the offense." *See id.* art. 42.015(b); *see also Timmons v. State*, No. 05-19-00126-CR, 2020 WL 2110708, at *6 (Tex. App.—Dallas May 4, 2020, no pet.) (mem. op., not designated for publication) (modifying judgment to include affirmative finding victim was younger than fourteen at time of offense).

The State further asks the Court to modify the judgment to reflect complainant's age at the time of the offense for purpose of the sex-offender-registration program. In reviewing the judgment, the Court has observed that the judgment does not indicate appellant must register as a sex offender. We may sua sponte modify a judgment when the record contains the necessary information to do so. *Sanchez-Lopez v. State*, No. 05-16-00513-CR, 2017 WL 2289033, at *4 (Tex. App.—Dallas May 25, 2017, no pet.) (mem. op., not designated for publication).

When the trial court formally sentenced appellant, it stated, "[u]pon your release from the Texas Department of Criminal Justice, you will be ordered to register as a sex offender." Under its "special findings" in the judgment, the trial court indicated appellant's driver's license or personal identification certificate will note he is subject to the sex offender registration. Because the record indicates appellant is required to register as a sex offender, the Court sua sponte modifies the judgment to add an "X" indicating appellant is required to register as a sex offender. Further, we sustain the State's request to modify the judgment to reflect the age of complainant at the time of the offense was "NINE (9) YEARS OLD" rather than "N/A."

## Conclusion

As modified, the judgment of the trial court is affirmed.

/John G. Browning/

JOHN G. BROWNING
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190632F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

VICTOR ZAMARRON, Appellant

No. 05-19-00632-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas Trial Court Cause No. F-1830457-U. Opinion delivered by Justice Browning. Justices Molberg and Carlyle participating.

Based on the Court's opinion of this date, the judgment is **MODIFIED** as follows:

"GUILTY" is **DELETED** and **REPLACED** with "NOT GUILTY'"

"Under the Age of Fourteen (14)" is **ADDED** to "AGGRAVATED SEXUAL ASSAULT OF A CHILD" as the "Offense for which Defendant Convicted."

"X" is **ADDED** to indicate "Defendant is required to register as a sex offender in accordance with Chapter 62, CCP."

"N/A" is **DELETED** and **REPLACED** with "Nine (9) Years Old" for "The age of the victim at the time of the offense."

As **REFORMED**, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 27, 2020

–13–