**Affirmed and Opinion Filed October 31, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00555-CR**

**WESLEY GERARD JONES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F-1942507-Y**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Breedlove
Opinion by Justice Breedlove

A jury found appellant Wesley Gerard Jones guilty of aggravated robbery and sentenced him to life imprisonment. TEX. PENAL CODE ANN. § 29.03. In three issues, appellant contends a mistrial should have been declared after the trial judge recused herself, fundamental error occurred from the prosecutor's comments during voir dire, and the trial court erred by admitting certain testimony. We affirm appellant's conviction.

## BACKGROUND

Because appellant does not challenge the sufficiency of the evidence to support his conviction, we do not discuss the facts in detail. On December 30, 2019, Quan Bo Doan was working at a FixaFone store when appellant entered the store with a gun. Appellant jumped over the counter, leaving a palm print there. He looked in the empty cash register and took Doan's wallet and cash. When Doan tried to run from the store, appellant shot him. The incident was recorded on the store's security camera.

Mesquite police officer Ed Sparling responded to the scene to find Doan lying on the ground in a "massive" pool of his own blood. Doan was unconscious and had several gunshot wounds, but still had a pulse. Sparling applied a chest seal to prevent further blood and air loss. Sparling and the other responding officers received an award for their efforts.

Doan survived and testified at trial. He identified appellant as the person who shot him. Appellant had visited the store twice earlier in the same day, attempting to sell a broken cell phone and bottles of champagne. He gave Doan a Post-It Note with his telephone number and a description of the bottles. Appellant's former girlfriend Monique Dudley later identified the phone number as appellant's.

The video from the store's security camera was admitted into evidence and shown to the jury at trial. Still photos from the video were also admitted, as were the Post-It Note and photos of the champagne bottles from appellant's phone. In addition

to testimony by Sparling, Doan, and Dudley, the jury also heard testimony from appellant's great uncle Ennis Marks, from investigating officer Detective Curtis Phillip of the Mesquite Police Department, and from three other detectives or police officers who were involved in the investigation. The jury found appellant guilty of aggravated robbery. During the punishment phase, the jury heard testimony from appellant's mother and from an investigator who testified about appellant's previous convictions. The jury found the allegations in an enhancement paragraph true and assessed appellant's punishment at life in prison and no fine. This appeal followed.

## 1. Mistrial

In his first issue, appellant contends a mistrial should have been granted when the judge recused herself after jury selection. This case was originally filed in the 282nd Judicial District Court, with Judge Amber Givens presiding. After the jury was selected and sworn, appellant's attorney explained he had received information from appellant that Judge Givens had told her neighbors that she was happy the case landed in her court. Appellant claimed to have learned this information from his ex-girlfriend Monique Dudley, who had been subpoenaed as a trial witness by both parties. Monique Dudley's parents were Judge Givens's neighbors.

Judge Givens unequivocally denied the allegation and appellant's counsel did not move to recuse her. Judge Givens then called the neighbors on the phone. Dudley's mother answered and also denied the allegation:

(Judge on the phone on the Bench)

MS. DUDLEY: Hello.

THE COURT: Hi, Ms. Dudley.

MS. DUDLEY: Hi, Amber.

THE COURT: Hey, I want to make sure of something real quick. Uh, I'm in trial with an individual by the name of Wesley Jones. He has told his attorney that I talked to you about the case and told you that I was happy that the case came to my court.

MS. DUDLEY: That's a lie. No, that's a lie.

After the phone call, Judge Givens voluntarily recused herself to avoid any possible appearance of bias:

THE COURT: Out of an abundance of caution, 'cause I take my job very seriously. What I do. And the fact that I am fair and impartial, I'm going to recuse myself voluntarily.

But I wanted the record to reflect first that she and I do not speak about cases. And I don't even know him. Him being Wesley Jones. Never seen him in my life.

After Judge Givens recused herself, the case was transferred to the Criminal District Court #7 of Dallas County. Judge Paul Banner presided over the trial. After the transfer, before the jury was brought in, Judge Banner asked the parties if they had any concern with how the jury was selected in reference to Judge Givens's recusal:

THE COURT: Now as to what's happened up to now, has—does the State have any concern about going forward?

. . .

THE COURT: In other words, the way and how the jury got selected, is there a problem from the State's position?

[PROSECUTOR]: No, Judge.

THE COURT: How about, uh, Mr. Edwards, from the Defendant's position?

[DEFENSE ATTORNEY]: Not—not with how the jury was selected.

THE COURT: Okay. Fine.

When Judge Banner asked whether there was anything else that needed to be put in the record, appellant's attorney asked the court to hear a pro se request from appellant to dismiss his attorney, and the parties' other pretrial motions were heard and ruled on. Nothing further was raised about Judge Givens's alleged bias or previous rulings.

Due process requires a neutral and detached hearing body or officer. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973)). A defendant has an absolute right to an impartial judge at both the guilt-innocence and punishment phases of trial. *Segovia v. State*, 543 S.W.3d 497, 503 (Tex. App.—Houston [14th Dist.] 2018, no pet.). A judge should not act as an advocate or adversary for any party. *Johnson v. State*, 452 S.W.3d 398, 405 (Tex. App.—Amarillo 2014, pet. ref'd). To reverse a judgment on the ground of improper conduct or comments of the judge, we must be presented with proof (1) that judicial impropriety was in fact committed, and (2) of probable prejudice to the complaining party. *Id.* Absent a clear showing of bias, a trial court's actions are presumed correct. *Brumit*, 206 S.W.3d at 645.

Appellant never asked Judge Banner to reconsider any of Judge Givens's rulings, nor did he seek a new trial on the basis of bias. *See* TEX. R. APP. P. 33.1(a) (requiring a timely request, objection, or motion to preserve a complaint for appellate review). Relying on *Marin v. State*, however, appellant argues that no objection was necessary to preserve his complaint of judicial bias and he is entitled to "automatic reversal" of his conviction. *See Marin v. State*, 851 S.W.2d 275, 279–80 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997).

Under *Marin*, there are three categories of rights: (1) absolute systemic requirements, (2) rights of litigants which must be implemented unless expressly waived, and (3) rights of litigants which are to be implemented upon request. *Id.* at 279; *see also Jacobs v. State*, No. 05-22-00248-CR, 2023 WL 5621672, at *2–3 (Tex. App.—Dallas Aug. 31, 2023, no pet. h.) (mem. op., not designated for publication) (detailing *Marin*'s categories and preservation requirements). Only the first two categories of errors may be raised for the first time on appeal. *See Proenza v. State*, 541 S.W.3d 786, 798 (Tex. Crim. App. 2017) (citing *Marin*, 851 S.W.2d at 280). The Texas Court of Criminal Appeals has rejected any common law "fundamental error" exception to the rules of error preservation based upon harm. *Id.* at 796 (citing *Marin*, 851 S.W.2d at 278). Instead, the question of error preservation turns upon the "nature" of the right allegedly infringed. *Id.* Here, we need not determine whether the alleged error requires an objection under *Marin*

–6–

because our review of the record does not reveal any apparent bias or partiality. *See Brumit*, 206 S.W.3d at 644–45 (declining to decide whether an objection is required to preserve an error of this nature where the record did not reflect partiality of trial court); *Graves v. State*, No. 05-19-00788-CR, 2021 WL 1558740, at *1–2 (Tex. App.—Dallas Apr. 21, 2021, no pet.) (mem. op., not designated for publication) (same).

Appellant does not argue that Judge Givens exhibited any bias during jury selection. Instead, he argues that because "the trial court felt it necessary to recuse herself to remove any appearance of impartiality," the "presumption of impropriety" arising from his accusation "must be applied to everything else that happened previously, including the selection of a jury." Appellant argues this "presumption" also applies to the judge's rulings on his pretrial motions and request for speedy trial and an order she signed sealing the court's records after her recusal. There is nothing in the record to suggest, however, that Judge Givens was aware of appellant's accusation at the time she ruled on his pretrial motions, nor does he explain how the sealing order had any effect on his trial.[1] As the State argues, civil procedure rule 18a governs recusal in both civil and criminal cases. *DeLeon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004). That rule does not require that all prior orders must be

---

[1] Appellant's complaint is that the sealing order "ma[d]e his appeal more difficult," citing the fact that his appellate counsel filed a second notice of appeal because his examination of the record did not show that a notice of appeal already had been filed. He does not explain how this problem affected the fairness of his trial.

–7–

set aside. *Urdiales v. Concord Techs. Del., Inc.*, 120 S.W.3d 400, 403 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (citing rule 18a's text that judge shall take no "further" action in the case).

Our review of the record does not reveal any apparent bias or partiality. *See Noble v. State*, No. 05-21-00326-CR, 2022 WL 17351908, at *12–13 (Tex. App.—Dallas Dec. 1, 2022), *cert. denied*, 143 S. Ct. 2497, 216 L. Ed. 2d 456 (2023) (mem. op., not designated for publication) (following *Brumit*; where record did not reflect any partiality by the trial judge, no categorization under *Marin* required). Accordingly, we overrule appellant's first issue.

**2. Prosecutor's statements during jury voir dire**

In his second issue, appellant complains that "the trial court committed fundamental error by permitting the State to imply the appellant had a criminal record during voir dire." During voir dire, the prosecutor explained to the venire panel that during the punishment phase, jurors "get to know things about like the Defendant's life, the Defendant's criminal history." The prosecutor made two more similar statements during voir dire. Appellant contends the prosecutor should have added, "if any" to the end of the statements.

Appellant did not object to the prosecutor's statements. He concedes that ordinarily, an objection would be required to preserve error. *See* TEX. R. APP. P. 33.1(a) (prerequisites for presenting complaint for appellate review); *Unkart v. State*, 400 S.W.3d 94, 98 (Tex. Crim. App. 2013) ("Most appellate complaints must be

preserved by a timely request for relief at the trial level."). He contends, however, that no objection was necessary because the statement constituted "fundamental error," violating his due process right to be tried only for the charged offense and not as a criminal generally. *See, e.g., Ex parte Lane*, 303 S.W.3d 702, 709 (Tex. Crim. App. 2009) ("An accused may not be tried for a collateral crime or for being a criminal generally.").

Again, appellant relies on *Marin* in support of his argument. And citing *Dixon v. State*, appellant contends that a complaint under *Marin* may be made to "an unobjected to comment by the prosecution during voir dire." *Dixon v. State*, No. 07-16-00058-CR, 2022 WL 124568, at *13 (Tex. App.—Amarillo Jan. 13, 2022, pet. ref'd) (mem. op., not designated for publication), op. corrected on denial of reh'g, 2022 WL 1234096 (Apr. 25, 2022) (order). In *Dixon*, however, the court construed appellant's argument of "plain error" under the federal rules of criminal procedure as an argument under *Marin* and "assumed" for purposes of its analysis that an objection was unnecessary to preserve error. *Dixon*, 2022 WL 124568, at *13. After reviewing the record, however, the court concluded that because there was "no fundamental error arising from the prosecutor's statements, [appellant] was required to interject a timely, specific objection to such statements in order to preserve his complaint for appellate review." *Id.* Because he failed to do so, the court overruled his complaint. *Id.*; *see also Proenza*, 541 S.W.3d at 793 ("There is no

common-law 'fundamental error' exception to the rules of error preservation established by *Marin*.").

The State responds that had appellant objected, the prosecutor could easily have corrected her statement to add the "if any" limitation that appellant now suggests would have been proper. And citing *Draughon v. State*, 831 S.W.2d 331, 336–37 (Tex. Crim. App. 1992), the State argues that "[i]mproper comments during voir dire are not automatically considered to be a violation of the defendant's right to a fair jury or a fair trial." In *Draughton*, the prosecutor during voir dire characterized the victims and their families in the case as her "clients." *Id.* at 336. The defense failed to object. *Id.* Although explaining that the statement was erroneous, the court concluded, "we do not regard the objectionable implication as so threatening to the fairness of a criminal trial that the judge must intervene to correct it even when not asked to do so by the defendant." *Id.* The court continued,

> Here, a curative instruction could easily have dissipated any potential for prejudice visited upon Appellant. And, since the statement complained of occurred at voir dire, the Appellant could even have inquired of the prospective jurors whether such statement would affect their deliberations. To allow an exception to our default rules under the circumstances presented here could actually serve to discourage timely objections.

*Id.* at 337.

Similarly here, the trial court could have issued a curative instruction, and prospective jurors could have been questioned about how the statement might affect their deliberations. Further, the prosecutor made the statements when (1) explaining

–10–

that evidence admitted at the punishment stage can help jurors determine appropriate punishment by providing context about the defendant, the victim, and other matters, (2) discussing the types of evidence the jury may be required to weigh in determining appropriate punishment, and (3) answering a juror's question about "the role of the jury in the actual sentence itself." "In light of the entire record, the prosecutor's statements did not constitute fundamental error because they neither bore on the presumption of innocence nor vitiated the impartiality of the jury." *Dixon*, 2022 WL 124568, at *13. We overrule appellant's second issue.

**3. Admission of testimony**

In his third issue, appellant contends the trial court erred by overruling his objection to Phillip's testimony that Sparling received a "life saving award" for his actions in assisting Doan on the night of the robbery. Sparling, however, had already testified to this fact without objection.

We review a trial court's ruling on the admissibility of evidence for abuse of discretion. *Brito Carrasco v. State*, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005). We "must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case." *Id.*

Appellant contends the evidence had no probative value and was highly prejudicial, noting that the prosecutor mentioned the award in closing argument. The State responds that because appellant failed to object to Sparling's testimony about

–11–

the award, any error in overruling the objection to Phillip's testimony on the same subject was harmless. We agree with the State.

As the court explained in *Lane v. State*,

> [T]o preserve error in admitting evidence, a party must make a proper objection and get a ruling on that objection. In addition, a party must object each time the inadmissible evidence is offered or obtain a running objection. An error [if any] in the admission of evidence is cured where the same evidence comes in elsewhere without objection.

151 S.W.3d 188, 193 (Tex. Crim. App. 2004) (internal quotation omitted). We conclude the trial court did not abuse its discretion by overruling appellant's objection to Phillip's testimony. We overrule appellant's third issue.

## CONCLUSION

The trial court's judgment is affirmed.

/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE

220555f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

–12–



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

WESLEY GERARD JONES,
Appellant

No. 05-22-00555-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 7, Dallas County, Texas
Trial Court Cause No. F-1942507-Y.
Opinion delivered by Justice
Breedlove. Justices Partida-Kipness
and Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered this 31st day of October, 2023.