

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00399-CR

ANTHONY BERNARD WINGFIELD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 46th District Court
Wilbarger County, Texas
Trial Court No. 11,825, Honorable Dan Mike Bird, Presiding

November 24, 2015

## OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Anthony Bernard Wingfield appeals his conviction by jury of assault against a household member, with a prior conviction,[1] and the resulting sentence of forty-five years of imprisonment.[2] Appellant raises two points of error. We will affirm the judgment of the trial court.

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(a)(1), § 22.01(b)(2)(A) (West 2011).

[2] *See* TEX. PENAL CODE ANN. § 12.42 (West 2013) (providing penalties for repeat and habitual felony offenders).

## Background

The State's indictment charged appellant with assault against a member of his household and alleged appellant previously had been convicted of a similar offense.

After appellant pled not guilty, Angela Dickerson and her brother testified. Dickerson said she and appellant were dating and living together when, on a day in June 2013, appellant became angry with her and punched her in the face. Her brother did not see the assault but heard a "slapping" sound and looked over to see appellant standing over his sister, "fussing at her" and a "big old knot" forming near Dickerson's eye. Photographs of the complainant were admitted, depicting the injury to her eye. To prove appellant's prior conviction, the State introduced a 2012 judgment of a Dallas County criminal court.

The jury found appellant guilty as charged in the indictment and punishment was assessed as noted. Appellant filed a motion for new trial that was overruled by operation of law. This appeal followed.

## Analysis

### Sufficiency of the Evidence

At trial in the present case, appellant moved for a directed verdict at the conclusion of the State's evidence, asserting the 2012 Dallas County judgment constituted no evidence he previously had been convicted of an offense meeting the requirements of Penal Code section 22.01(b)(2)(A), necessary to elevate the degree of the current offense from a Class A misdemeanor to a third-degree felony. The court

denied the motion, and appellant's first complaint on appeal resumes his argument that the evidence of his prior conviction of an offense satisfying section 22.01(b)(2)(A) is insufficient.

When reviewing sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State,* 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (*citing Jackson v. Virginia,* 443 U.S. 307, 318-19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)); *see Brooks v. State,* 323 S.W.3d 893, 901 (Tex. Crim. App. 2010). Our duty as a reviewing court is to ensure the evidence presented actually supports a conclusion that the defendant committed the crime. *Williams v. State,* 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

A person commits assault if he "intentionally, knowingly, or recklessly causes bodily injury to another . . . ." TEX. PENAL CODE ANN. § 22.01(a)(1) (West 2011). The offense is generally a Class A misdemeanor but is elevated to a third-degree felony if (1) the offense is committed against a member of the defendant's household and (2) "it is shown on the trial of the offense that the defendant has been previously convicted of an offense under this chapter, Chapter 19, or Section 20.03, 20.04, 21.11, or 25.11 against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code." TEX. PENAL CODE ANN. § 22.01(b)(2)(A); TEX. FAM. CODE ANN. § 71.0021(b) (West 2011). The prior conviction is an essential element of the felony offense. *Reyes v. State,* 314 S.W.3d 74, 81 (Tex. App.—San Antonio 2010, no pet.).

3

In trial of an offense under Title 5 of the Penal Code, article 42.013 of the Code of Criminal Procedure requires the court to make an affirmative finding that the "offense involved family violence, as defined by Section 71.004, Family Code," if the court determines that to be the case. TEX. CODE CRIM. PROC. ANN. art. 42.013 (2005); *Butler v. State*, 189 S.W.3d 299, 302 (Tex. Crim. App. 2006) (trial court is "statutorily obligated" to enter affirmative finding of family violence in its judgment, if during guilt phase of trial it determines offense involved family violence).[3] Family Code section 71.004, as pertinent here, defines "family violence" to include "an act by a member of a . . . household against another member of the . . . household that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault, but does not include defensive measures to protect oneself . . . ." TEX. FAM. CODE ANN. § 71.004 (West 2015).

In *State v. Eakins*, the Austin court of appeals noted article 42.013 "was obviously intended to simplify the prosecution of subsequent family assault cases by making it unnecessary to relitigate the details of the previous assault." *State v. Eakins,* 71 S.W.3d 443, 444 (Tex. App.—Austin 2002, no pet.). But the court went on to hold that in the subsequent prosecution, an affirmative finding of family violence in a prior

---

[3] Article 42.013 provides, "[i]n the trial of an offense under Title 5, Penal Code [Offenses Against the Person], if the court determines that the offense involved family violence, as defined by Section 71.004, Family Code, the court shall make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case." TEX. CODE CRIM. PROC. ANN. art. 42.013 (West 2005).

4

judgment is not the only way the State may prove the defendant has previously been convicted of an offense meeting the requirements of § 22.01(b)(2)(A).  *Id.*[4]

The 2012 judgment on which the State relied in this case does not contain an affirmative family violence finding. Instead, it contains a negative family violence finding. The judgment, entered in cause number MA1233579N in County Criminal Court 11 of Dallas County, and dated March 20, 2012, for an offense committed November 11, 2011, reflects appellant's conviction for misdemeanor "assault FV," and his placement on community supervision. The judgment form contains a line reading, "Affirmative finding of family violence, if applicable:  Yes / No."  The word "No" is circled.[5]

Appellant contends the negative family violence finding has the effect of disqualifying the 2012 assault conviction for use under section 22.01(b)(2)(A).[6]  We disagree.

---

[4] *Accord*, *Mitchell v. State,* 102 S.W.3d 772, 775 (Tex. App.—Austin 2003, pet. ref'd); *Goodwin v. State,* 91 S.W.3d 912, 919 (Tex. App.—Fort Worth 2002, no pet.); *State v. Cagle*, 77 S.W.3d 344, 348 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). Extrinsic evidence relating to the prior conviction may include the testimony of the victim of the prior offense. *See, e.g., Mitchell,* 102 S.W.3d at 775*; Goodwin*, 91 S.W.3d at 920.

[5] The State's evidence in this case also included a judgment of the same Dallas County court, also dated March 20, 2012, in cause number MA1233578N, showing appellant's conviction of the misdemeanor offense of interference with emergency request for assistance. TEX. PENAL CODE ANN. § 42.062 (West 2013). The judgment states that offense, like the family violence assault in number MA1233579N, was committed November 11, 2011.  This judgment contains an affirmative family violence finding, with the word "Yes" circled.

[6] Arguing the evidence was sufficient to establish the 2011 assault constituted a family violence offense despite the absence of an affirmative family violence finding, the State relies in part on the description of the offense in the 2012 judgment, which states

Addressing appellant's contention, we focus on the literal text of the statutory provision, presuming the Legislature meant what it said. *Anzaldua v. State*, No. 07-11-00253-CR, 2012 Tex. App. LEXIS 3876, at *8-9 (Tex. App.—Amarillo May 16, 2012, pet. ref'd) (mem. op., not designated for publication) (construing Penal Code section 22.01(b)(2), *citing Spence v. State*, 325 S.W.3d 646, 650 (Tex. Crim. App. 2010) and *Hardy v. State*, 281 S.W.3d 414, 422 (Tex. Crim. App. 2009)).

In that regard, we first note that section 22.01(b)(2)(A) does not say it applies to prior convictions for which affirmative findings of family violence under article 42.013 were made.[7]  Instead, by the plain language of section 22.01(b)(2)(A), it may be satisfied by proof of the defendant's prior conviction of an offense listed in that section, committed against a person whose relationship or association with the defendant is described by Family Code section 71.0021(b), 71.003 or 71.005.  Section 22.01(b)(2)(A)

_____

the "offense convicted of" as "assault FV as charged in the information." We considered the effect of such judgment language in *Cade v. State*, No. 07-02-0409-CR, 2003 Tex. App. LEXIS 4862 (Tex. App.—Amarillo June 10, 2003, no pet.) (mem. op., not designated for publication). We there concluded that article 42.013 requires a "separate and specific affirmative finding entered in addition to the recitation of the offense" and that the affirmative finding requirement is not met merely by the judgment's statement of the offense "followed by the phrase 'domestic violence.'"  *Id.* at *5 (*citing Eakins*, 71 S.W.3d at 444 n.1); *accord, Othman v. State*, No. 14-09-00444-CR, 2010 Tex. App. LEXIS 5746, *4-*5 (Tex. App.—Houston [14th Dist.] July 22, 2010, no pet.) (mem op., not designated for publication).  Consistent with our holding in *Cade*, we find the "assault FV" offense description in the judgment is not the equivalent of the affirmative finding required by article 42.013.

[7] Interestingly, the Legislature used just such language in a statute adopted this last session.  *See* TEXAS FAMILY CODE ANN. § 81.0015 (West Supp. 2015) (regarding entitlement to a protective order, providing presumption that family violence has occurred and is likely to occur in the future if, among other requirements, the respondent has been convicted of a specified offense "for which the court has made an affirmative finding that the offense involved family violence under Article 42.013, Code of Criminal Procedure") (added by Acts 2015, 84th Leg., ch. 1241 (H.B.1782), § 1, eff. Sept. 1, 2015).

does not mention article 42.013, Family Code section 71.004, or the phrase "family violence."

Here, it is undisputed that the "assault FV" offense of which appellant was convicted in 2012 was an offense under Penal Code chapter 22. It is undisputed Dickerson was a member of appellant's household, as defined in Family Code section 71.0021(b), at the time of that assault.[8] Section 22.01(b)(2)(A) requires no more.[9]

---

[8] As noted, Dickerson testified at trial of appellant's current offense. She testified she also was the victim of appellant's November 2011 Dallas County offenses, that he was the person who assaulted her on that occasion, and that she was living with appellant at that time.

[9] The court in *Eakins,* 71 S.W.3d at 445, noted that its holding permitting the admission of extrinsic evidence to prove that an earlier conviction met the requirements of section 22.01(b)(2) was not a collateral attack on the earlier judgment because the State was not seeking to attack the validity of the earlier judgment or seeking to offer proof contrary to a recital contained in the judgment.

The Dallas County trial court's "no" finding on family violence is not incompatible with appellant's guilt of the offense as charged in the information. It alleged he "intentionally and knowingly and recklessly" caused bodily injury to Dickerson by striking her head with his hand and head, that he had a dating relationship with her, and was a member of her family and household. The Dallas County court could have made an affirmative family violence finding if it concluded appellant had committed an act that was intended to result in physical harm, bodily injury, assault or sexual assault, or was a threat of such, but was not a defensive measure. *See* TEX. FAM. CODE ANN. § 71.004. Such a conclusion was not necessary to appellant's guilt of the offense as charged in the information, however, because his guilt could be supported by the conduct of causing Dickerson bodily injury with a knowing or reckless culpable mental state. *See Price v. State,* 457 S.W.3d 437, 442 (Tex. Crim. App. 2015) (the gravamen of assault with bodily injury is injury, a result of conduct).

We note, however, that the record before us also includes the terms and conditions of community supervision imposed after appellant's 2012 conviction. Those terms and conditions included the requirements that appellant participate in a Batterers Intervention Prevention Program, pay a fee to a family violence shelter, and have no contact with Dickerson. These terms are applicable only in cases involving family violence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 11(h), 14(c) (West 2015). We find the disposition of this case to be directed by the literal language of section 22.01(b)(2)(A), not by a determination whether that disposition might, or might not, be

Finding the evidence sufficient to show appellant's prior conviction of an offense meeting the requirements of section 22.01(b)(2)(A),[10] we overrule appellant's first issue.

Withdrawal of Plea Offer

By appellant's second point of error, he argues the State engaged in "vindictive prosecution" by withdrawing a plea bargain offer of two years imprisonment. The prosecutor stated in open court that "we'll make that offer available until October the 10th." It withdrew the offer before that date.

On the morning of trial, the court heard appellant's motion to quash the indictment because of the State's vindictive prosecution. During that hearing, the State told the court it extended the two-year plea offer to appellant after Dickerson filed an affidavit of non-prosecution. It further told the court the district attorney's investigator then spoke with Dickerson and determined that she did not want to testify, but would do so and do so truthfully. After that conversation, the State decided to withdraw the two-year plea offer. The State sent counsel a letter withdrawing the offer of two years, also noting appellant's significant criminal history, and making a new offer of fifteen years of imprisonment in exchange for appellant's plea of guilty. The clerk's record indicates the

_____

said to constitute a collateral attack on the Dallas County court's "no" family violence finding.

[10] *See Crawford v. State,* No. 12-05-00293-CR, 2006 Tex. App. LEXIS 6520, at *9-10 (Tex. App.—Tyler July 26, 2006, no pet.) (mem. op., not designated for publication). *See also Vaughn v. State,* No. 06-06-00040-CR, 2007 Tex. App. LEXIS 3608 (Tex. App.—Texarkana May 11, 2007, no pet.) (mem. op., not designated for publication) (discussing sufficiency of evidence to prove enhanced assault with bodily injury).

State's letter was sent on October 1. On that same day, appellant sent a letter to his counsel accepting the State's offer of two years of imprisonment. Counsel received both the State's letter and appellant's letter on October 4. On October 7, counsel for appellant sent a letter to the prosecutor indicating appellant's acceptance of the plea bargain offer of two years.

After hearing additional argument from the parties, the trial court concluded that the plea process had not "gone far enough for me to impose anything on one side or the other" and denied appellant's motion. Appellant contends the trial court erred in denying his motion.

At its core, a plea bargain is a contract between the State and the defendant. *See Ex parte Moussazadeh*, 64 S.W.3d 404, 411 (Tex. Crim. App. 2001); *Ortiz v. State,* 933 S.W.2d 102, 104 (Tex. Crim. App.1996); *Ex parte Williams,* 637 S.W.2d 943, 948 (Tex. Crim. App. 1982). Because a plea-bargain agreement is solely between the State and the defendant, only those parties may alter the terms of the agreement. *Id.* As a contract, once both parties have entered knowingly and voluntarily into a plea bargain, they are bound by the terms of that agreement once it is accepted by the court. *Id.*

Appellant's argument seems to treat the State's commitment to hold the two-year offer open until October 10 as though it were itself part of a plea agreement. To be binding, however, a plea agreement must be accepted by the court. *Ex parte De Leon,* 400 S.W.3d 83, 89 (Tex. Crim. App. 2013). Although the commitment was stated in open court, no one contends it was accepted by the court. The commitment to hold the plea offer open until October 10 cannot be seen as a binding plea agreement. *See*

*Moore v. State,* 295 S.W.3d 329, 332 (Tex. Crim. App. 2009) (a plea agreement is a contract between the parties and is binding on the parties only after the trial court accepts it).

We also see no error in the trial court's implicit rejection of appellant's contention that the withdrawal of the offer before the deadline demonstrated prosecutorial vindictiveness. The decision whether prosecutorial vindictiveness exists must be decided on a case by case basis, based on each individual record. *Lopez v. State,* 928 S.W.2d 528, 533 (Tex. Crim. App. 1996). Prosecutors have broad discretion in deciding which cases to prosecute. *Neal v. State,* 150 S.W.3d 169, 173 (Tex. Crim. App. 2004).

A defendant establishes a claim for actual vindictiveness in prosecution by offering direct evidence that the prosecutor's charging decision is an unjustifiable penalty resulting solely from the defendant's exercise of a protected legal right. *Neal,* 150 S.W.3d at 173. Under the explanation the State gave for withdrawing its plea offer, its decision, made in a pretrial setting, was based on the re-commitment of the complainant to testify truthfully. If the trial court accepted the State's explanation for its decision to withdraw the plea offer, as it was free to do, no vindictiveness was shown.[11] The trial court did not err by denying appellant's motion to quash the indictment for vindictive prosecution. We resolve appellant's second issue against him.

---

[11] *See also Bordenkircher v. Hayes,* 434 U.S. 357, 363, 98 S. Ct. 663, 54 L. Ed. 2d 604 (1978) (addressing due process violation with regard to plea bargain).

Conclusion

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

James T. Campbell
Justice

Publish.