**MODIFY and AFFIRM; and Opinion Filed June 17, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00862-CR

### JANAR DEMOND BRADFORD, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1571948-T**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Nowell
Opinion by Justice Brown

Following a jury trial, Janar Demond Bradford appeals his conviction for assault family violence enhanced. In two issues, appellant contends the trial court (1) failed to act as a neutral arbiter and instead functioned as an adversary against him, and (2) violated his common-law right to allocution. We modify the trial court's judgment to correct the degree of the felony for which appellant was convicted and affirm.

Appellant was charged with a second degree felony assault under penal code section 22.01(b-2). Assault is generally a class A misdemeanor. TEX. PENAL CODE ANN. § 22.01(b). As is relevant to this case, assault is a third degree felony if committed against a person with whom the defendant had a dating relationship and either (1) the defendant has a prior family violence conviction or (2) the offense was committed by impeding normal breathing or circulation of blood.

*Id.* § 22.01(b)(2). Assault is a second degree felony if committed against a person with whom the defendant had a dating relationship and there is both a prior family violence conviction *and* the offense was committed by impeding of normal breathing or circulation of blood. *Id.* § 22.01(b-2). The indictment in this case alleged that appellant intentionally, knowingly, and recklessly caused bodily injury to the complainant, L.H., by grabbing and squeezing her neck with "a hand and hands." The indictment contained three additional paragraphs which alleged that: (1) L.H. was a member of appellant's family and household and a person with whom he has had a dating relationship; (2) appellant committed the offense by impeding L.H.'s normal breathing and circulation of blood; and (3) appellant had previously been convicted of assault family violence in October 2013.

L.H. testified at trial that she had a casual dating relationship with appellant. On October 8, 2015, L.H. drove appellant to his friend's house. They argued during the car ride. When L.H. parked her car, appellant got on top of her and used both of his thumbs to push down on her "air box" or windpipe. L.H. testified that appellant choked her for fifteen to twenty seconds and then let go.

The court's charge gave the jury four options. It could find appellant guilty of the offense as charged in the indictment. It could find appellant guilty of one of two lesser offenses included in the indictment—"assault family violence enhanced" or "family violence assault by impeding breath or circulation." Or the jury could find appellant not guilty. The jury failed to find that appellant impeded L.H.'s normal breathing and circulation of blood. It found appellant guilty of the included offense of assault family violence enhanced, and the court assessed punishment at five years confinement.

In his first issue, appellant contends the trial judge committed error "both of a fundamental and structural nature" because the judge did not function as a neutral arbiter. Appellant asserts the

judge was biased against him and functioned as an "adversarial advocate against [him] throughout the proceedings." Appellant's complaint is based on one adverse legal ruling the judge made about the scope of voir dire. Before voir dire began, appellant made an oral motion in limine. Appellant asked that during voir dire the State not be allowed to mention the allegation that appellant had a prior family violence conviction, arguing:

> [T]hey're alleging a prior family violence conviction, which enhances the punishment range only of an impeding case to second degree. And I - - after having looked at the statute, I don't think the prior is jurisdictional in nature. I think it's just enhancement, as would be any prior - - prior conviction in an indictment. The impeding case is already a felony, so the Court is vested with jurisdiction without having to add that last part about the prior. Our argument would be that it would - - it would result in substantial - - likely to result in unfair prejudice, and its probative value is very small.

> THE COURT: It was enhanced otherwise. This is jurisdictional because it was a misdemeanor. Because it was a misdemeanor under the statute, becomes jurisdictional. So I deny the motion.

> [DEFENSE COUNSEL]: Judge, if I may, the crime they're alleging against my client without enhancement - -

> THE COURT: Would be a felony without that. That's correct. But in order to get to the second degree, they have to use a - - it's not like using a prior felony and bump it up to a second degree or minimum 15, that type of thing. This is just jurisdictional because of the assault/family violence nature of it, and it is a misdemeanor. Your motion is denied.

Appellant then argued that the State could refer to the punishment range for a second degree felony without mentioning the prior conviction. The State responded that it could voir dire on the prior conviction because it was an element of the offense. *See Wingfield v. State*, 481 S.W.3d 376, 379 (Tex. App.—Amarillo 2015, pet. ref'd). The judge upheld his decision to deny appellant's motion.

As we understand appellant's argument before the trial court, the impeding breath allegation alone raised the assault from a misdemeanor to a third degree felony and gave the district court jurisdiction. Thus, it did not make a difference at the guilt/innocence phase that there was an alleged prior conviction that would make the assault a second degree felony; the court had

felony jurisdiction based on the impeding breath allegation alone.[1]  According to appellant, the degree of felony could be addressed if the case got to the punishment phase.

On appeal, appellant argues that by this one ruling, the judge "*sua sponte* (and without requiring any adversarial advocacy by the State) persisted in making certain that the entire venire would be provided with grounds for believing that Appellant was a criminal in general and did so based on [a] wholly incorrect legal conclusion."  Appellant asserts this action was not one of an unbiased judicial officer.  Appellant did not present his complaint to the trial court, but we will assume without deciding that appellant did not need to object to preserve error.  *See Proenza v. State*, 541 S.W.3d 786, 797–99 (Tex. Crim. App. 2017).

Due process requires a neutral and detached judge.  *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006); *see Segovia v. State*, 543 S.W.3d 497, 503 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Abdygapparova v. State*, 243 S.W.3d 191, 209 (Tex. App.—San Antonio 2007, pet. ref'd).  A defendant is entitled to a fair trial before a judge with no actual bias against him or interest in the outcome of his particular case.  *Bracy v. Gramley*, 520 U.S. 899, 905 (1997).  Judicial rulings alone almost never constitute a valid basis for a claim that a judge is biased or partial.  *Liteky v. U.S.*, 510 U.S. 540, 555 (1994).  Only in the rarest circumstances can a judicial ruling evidence the degree of favoritism or antagonism required to demonstrate judicial bias.  *Id.* A judge's ordinary efforts at courtroom administration remain immune.  *Id.* at 556.

Although appellant asserts the ruling in question was so clearly erroneous it alone demonstrated the trial judge's bias against him, he has not raised an issue challenging the merits of the ruling in this appeal.  We need not determine the correctness of the judge's ruling.  For even if we assume that the judge ruled incorrectly, there is absolutely nothing in this record to indicate

---

[1] We note the court also had felony jurisdiction based on the allegation of a prior family violence conviction alone, without the allegation of impeding breath.  *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A).  That is the offense for which appellant was ultimately convicted.

any bias or partiality on the part of the trial judge. Nothing indicates the ruling was anything but a commonplace adverse legal ruling. The circumstances of the ruling certainly do not involve the degree of favoritism required to demonstrate judicial bias. We are not persuaded by appellant's claim that the judge demonstrated bias by ruling without first asking the State to respond to the motion.

In addition, we reject the assertion made in appellant's brief that the trial court's actions in this case were worse than the bias exhibited by the judge in the *Abdygapparova* case. In that case, the San Antonio Court of Appeals reversed a capital murder conviction and remanded for a new trial based on ex parte communications between the judge and prosecutor. The two exchanged private notes during voir dire. *See* 243 S.W.3d at 206. For example, the judge asked the prosecutor why she didn't make a Power Point on her voir dire questions, and the prosecutor asked the judge if she would look good with hair the color of a venire member. *Id.* at 207 n.16. The appellate court was most troubled by a note regarding the appellant's ability to understand English; it went to the heart of the judge's ruling that the appellant was not entitled to an interpreter. *Id.* at 210. The notes between the judge and prosecutor suggested at a minimum there was a "chumminess" between the two from which the jury could interpret that the judge was taking sides. *Id.* In addition to the notes, the judge made clearly erroneous legal rulings, such as allowing the appellant to be cross-examined regarding statements she made during plea negotiations and admitting as impeachment evidence an unauthenticated letter written to the appellant in jail by someone she had never met describing his fantasies about her. *Id.* at 203–04, 206. A complete review of the record revealed more than simple hostility by the judge to the appellant and her counsel; it demonstrated an ongoing, continuous bias or prejudice. *Id.* at 210. The court of appeals wrote that "the absence of an impartial trial judge on the bench infected the entire trial process." *Id.* To

maintain that the instant case is more egregious than *Abdygapparova* is disingenuous. We overrule appellant's first issue.

In his second issue, appellant contends the trial court violated his common-law right to allocution. "Allocution" refers to a trial court's inquiry into whether a criminal defendant wishes to "speak in mitigation of the sentence to be imposed." *Eisen v. State*, 40 S.W.3d 628, 631–32 (Tex. App.—Waco 2001, pet. ref'd). The code of criminal procedure requires a trial judge to ask before pronouncing sentence if a defendant has "anything to say why the sentence should not be pronounced against him." TEX. CODE CRIM. PROC. ANN. art. 42.07. The trial court complied with article 42.07 in this case. Appellant argues there is a common-law right of allocution that is broader than the statutory right. He would require the trial court to additionally inquire if he wished to exercise his common-law right of allocution. Appellant did not make any objection to the trial court's failure to make this inquiry. To preserve a complaint about the right to allocution, a defendant must raise the complaint in the trial court. *McClintick v. State*, 508 S.W.2d 616, 617–18 (Tex. Crim. App. 1974) (op. on reh'g); *see* TEX. R. APP. P. 33.1(a). By failing to object in the trial court, appellant has not preserved this issue for appellate review. We overrule appellant's second issue.

In a cross point, the State asks this Court to modify the trial court's judgment. The written judgment states that the degree of the offense is a second degree felony. The jury did not convict appellant of the second degree offense alleged in the indictment. It found him guilty of the lesser included offense of assault family violence enhanced, a third degree felony. *See* TEX. PENAL CODE ANN. § 21.01(b)(2)(A). This Court may modify the trial court's judgment to make the record speak the truth when it has the necessary data and information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–8 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526,

529 (Tex. App.—Dallas 1991, pet. ref'd).  Accordingly, we modify the trial court's judgment to reflect that appellant was convicted of a third degree felony.

As modified, we affirm the trial court's judgment.


/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b).

180862F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JANAR DEMOND BRADFORD,
Appellant

No. 05-18-00862-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1571948-T.
Opinion delivered by Justice Brown,
Justices Bridges and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Following the phrase "Degree of Offense:" we delete "2ND DEGREE FELONY" and in its place insert "3RD DEGREE FELONY."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 17th day of June, 2019.