

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00303-CR

———————————————————

DAVID SHAWN MINZE, Appellant

V.

THE STATE OF TEXAS

On Appeal from 43rd District Court
Parker County, Texas
Trial Court No. CR19-0264

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

Appellant David Shawn Minze was indicted for felony assault involving repeat family violence. The indictment included two punishment-enhancement paragraphs that alleged Minze had previously been convicted of the felony offenses of forgery and burglary of a habitation. *See* Tex. Penal Code Ann. §§ 12.42(d), 22.01(b)(2). Minze pleaded not guilty, and a jury found him guilty of the indicted offense. At punishment, Minze pleaded true to the punishment-enhancement paragraphs, and the jury assessed his sentence at 70 years' confinement.

## I. BACKGROUND

In 2015, Minze and Wendy Young met and began a romantic relationship. However, at some point their relationship soured and by 2018, Wendy was attempting to keep Minze away from their home and children because as she explained, "He couldn't be around me and my kids if he wasn't going to stay sober."

According to Wendy, on December 23, 2018, Minze entered their home and told her that he hated her for not allowing him to spend time with his children. He then beat Wendy with his belt on her arms, torso, and legs and used a shirt to strangle her until she passed out. Just before Wendy blacked out, Minze told her "[b]ye-bye."

At some point, Minze shook Wendy awake and told her "I'm going to put this on you before we leave." Wendy saw Minze heat up his belt buckle with a cigarette lighter. Minze then branded Wendy's buttock with the heated belt buckle. Wendy

2

described the pain from the branding as "excruciating," and testified that during this ordeal, she feared that Minze was going to kill her.

Minze also destroyed Wendy's bras, underwear, and some of her shirts by cutting them up with scissors. Finally, he broke Wendy's cell phone.

Wendy testified that this incident was not the first time that Minze had physically assaulted her, and she explained that the reason she did not immediately call police and report the assault on this occasion was because when she had done so in the past, the police had not helped her. One such assault in the past occurred in 2015, when Minze gave Wendy a bloody nose by punching her in the face because he thought that she was looking at another man. While Minze was convicted for the 2015 assault, Wendy provided other examples where the police had failed to help her after she reported assaults by Minze. For instance, in 2017, Minze smothered Wendy with a pillow at least five times, and although Wendy reported this incident to police, Minze was never prosecuted. And in 2018, Minze filled the bathtub in Wendy's home with water and threatened to hold her head under the water unless she gave him her car. Wendy also reported this incident to police, but they told her that they could not do anything to help her.

Wendy reached out to the police again in 2018 after Minze sent her a video of himself camping in the trees across from her home. In the video, Minze zoomed in on her front door and her car. Wendy could hear Minze's breathing in the video. The police made a report of the incident but again took no other action.

3

During trial, the State called a police officer to testify that Minze's fingerprints matched those on the 2015 conviction for assault involving family violence. After the officer testified that the fingerprints on the 2015 judgment came from Minze, the State offered the 2015 conviction into evidence. Minze objected that the admission of the prior conviction violated Texas Rules of Evidence 401 and 403 and that it also violated his due process rights. The trial court overruled Minze's objections and admitted the exhibit containing the 2015 judgment.

On direct examination, the State also attempted to elicit testimony from Wendy regarding Minze's 2015 assault. Again, Minze argued that Wendy's testimony about the prior offense was "irrelevant under 401, under 403, and a violation of due process." The trial court overruled Minze's objections. But when Wendy testified further about the 2015 beating she sustained from Minze, Minze lodged no further objections.

The jury subsequently found Minze guilty of the 2018 assault of Wendy, including the allegation that Minze had been previously convicted of assault involving family violence in 2015. After Minze pleaded true to the two punishment-enhancement convictions, the jury assessed his sentence at 70 years' confinement.

## II. MINZE'S POINT

On appeal, Minze asserts one point—that the trial court abused its discretion by admitting extraneous offense evidence during the guilt phase of the trial. Minze argues that the evidence of his 2015 assault-involving-family-violence conviction was

4

inadmissible extraneous offense evidence that was not probative or relevant and that the erroneous admission of the evidence affected his substantial rights. We overrule Minze's point because he failed to preserve it for our review. But even assuming that Minze preserved his point, we hold that the trial court did not abuse its discretion by admitting the evidence.

## A. TO HAVE PRESERVED HIS COMPLAINT FOR REVIEW, MINZE WAS REQUIRED TO HAVE OBJECTED EACH TIME THE STATE ELICITED TESTIMONY CONCERNING THE 2015 CONVICTION.

To preserve error regarding the admission of evidence, a party must make a timely objection each time the objectionable testimony is elicited and obtain a ruling on each objection unless the party has obtained a running objection or has requested a hearing and obtained a ruling outside the presence of the jury. Tex. R. App. P. 33.1(a); Tex. R. Evid. 103(a)–(b); *Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003); *Lumsden v. State*, 564 S.W.3d 858, 886 (Tex. App.—Fort Worth 2018, pet. ref'd), *cert. denied*, 139 S. Ct. 2018 (2019). In other words, a trial court's erroneous admission of evidence will not require reversal when other such evidence was received without objection, either before or after the complained-of ruling. *Estrada v. State*, 313 S.W.3d 274, 302 n.29 (Tex. Crim. App. 2010). Thus, when a trial court overrules an objection to the first question on a particular subject, but no objection is lodged to a second or subsequent questions eliciting the same objectionable testimony, error is not preserved regarding the admission of testimony on that subject. *See McGuire v. State*, No. 02-18-00030-CR, 2019 WL 4048865, at *2 (Tex. App.—Fort Worth Aug. 28,

5

2019, no pet.) (mem. op., not designated for publication) (pointing out that objection to admission of exhibit does not preserve error to testimony of content of exhibit); *Lumsden,* 564 S.W.3d at 880 (holding that a trial court's erroneous admission of evidence will not require reversal when other such evidence was received without objection, either before or after the complained-of ruling).

## B. MINZE FAILED TO OBJECT EACH TIME THE TRIAL COURT ADMITTED EVIDENCE REGARDING HIS PRIOR CONVICTION.

Minze points to three instances in which evidence regarding his 2015 conviction was discussed at trial: when the judgment of the 2015 assault-involving-family-violence conviction was introduced, during Wendy's testimony about the 2015 assault, and during the State's closing argument.[1]

During trial, after the police officer confirmed that Minze's fingerprints matched those on the 2015 assault-involving-family-violence conviction and after the exhibit containing the 2015 judgment was admitted into evidence—both over Minze's objections—the State sought permission to publish the details contained in the exhibit to the jury. Minze neither objected to the State's request nor requested a running objection to the subject matter of the exhibit. The State's publication of the exhibit

---

[1] In his brief, Minze does not complain about improper jury argument. Accordingly, we do not address that issue. *See* Tex. R. App. P. 38.1(i) (stating that an appellant's "brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities"; *Cardenas v. State*, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000) (holding an appellant waives an issue on appeal if he does not adequately brief that issue, i.e., by presenting supporting arguments and authorities).

informed the jury that on May 8, 2015, Minze had been previously convicted of assault involving family violence that had caused bodily injury to Wendy, who was a member of his family or household, by striking her with his hand.

Minze also objected to the admission of Wendy's testimony about the facts surrounding the 2015 conviction. But after the trial court overruled Minze's objections, Wendy continued to testify about details of the 2015 assault—all without any further objection from Minze. Wendy explained that as she and Minze were driving from Dallas to Fort Worth one evening, she glanced at the driver of the car to her right, a glance that she characterized as so quick that she did not ascertain whether the driver was male or female. Minze, however, accused Wendy of looking at another man and became angry. At that point, Minze hit Wendy in the face so hard that it caused her nose to bleed. Wendy testified that the beating in the car was the basis for Minze's 2015 conviction.

Because the preservation rule requires a party to object each time objectionable evidence is offered on the same subject unless the party has obtained a running objection or has requested a hearing outside the presence of the jury, *see Geuder*, 115 S.W.3d at 13, and because Minze did not object each time evidence regarding his 2015 conviction was admitted, Minze failed to preserve his complaint for review. Accordingly, we hold that Minze forfeited any error in the admission of evidence relating to his 2015 conviction for the assault of Wendy. *See Lane v. State,* 151 S.W.3d 188, 192–93 (Tex. Crim. App. 2004) (holding that unless a defendant obtains a

7

running objection, he waives his complaint to the admission of particular evidence when the same or like evidence is received elsewhere without objection); *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) (explaining that Texas applies the "futility rule," meaning that despite a trial court's ruling that evidence is admissible, a party must keep making futile objections on pain of waiver); *Ethington v. State*, 819 S.W.2d 854, 859–60 (Tex. Crim. App. 1991) (holding that appellant's objection to the first question asked of witness did not preserve error as to the following three pages of questions and answers on the same subject when appellant failed to obtain a running objection or request a hearing outside the presence of the jury so that he would not have to keep objecting); *Clay v. State*, 361 S.W.3d 762, 767 (Tex. App.—Fort Worth 2012, no pet.) ("[B]ecause Wallace provided testimony about the Louisiana records without objection before and after appellant's objection to the admission of the records and because appellant failed to obtain a running objection, we conclude that he forfeited his objection to the records' admission." (footnote omitted)); *cf. Barnes v. State*, 70 S.W.3d 294, 307 (Tex. App.—Fort Worth 2002, pet. ref'd) (holding that a contemporaneous objection must be made each time the objectionable jury argument is made to preserve error). We overrule Minze's issue on appeal because he failed to preserve his complaint for review.

**C. EVEN ASSUMING PRESERVATION, THE TRIAL COURT DID NOT ABUSE ITS DISCRETION.**

But even assuming that Minze preserved this issue for review, we hold that the trial court did not abuse its discretion by admitting the evidence of Minze's 2015 assault-family-violence conviction because, as the State points out, evidence of the prior conviction was an essential element of the underlying charged offense.[2] *Walker v. State*, 2020 WL 7063298, No. 02-19-00309-CR at *4 (Tex. App.—Fort Worth Dec. 3, 2020, no pet.) (mem. op., not designated for publication) (holding the prior-conviction requirement for assault–family violence is an element of felony assault–family violence under Section 22.01(b)(2)(A) and is required to be proved at the guilt phase of trial). Assault causing bodily injury is a third-degree felony, rather than a class A misdemeanor, if it is committed against a family member and it is shown that the defendant has previously been convicted of an assault against a family member. Tex. Penal Code Ann. § 22.01(b)(2)(A). Minze was charged with committing the third-degree felony offense of assault involving family violence with a prior family violence conviction. Therefore, the State was required to prove that Minze was previously convicted of assault against a family member. *See, e.g., Walker*, 2020 WL at *4-5; *Holoman v. State*, No. 12-17-00364-CR, 2018 WL 5797241, at *3

---

[2]We review a trial court's decision to admit a prior conviction into evidence for an abuse of discretion. *See Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010); *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g) (stating that a trial court does not abuse its discretion by admitting evidence if its ruling was at least within the zone of reasonable disagreement).

9

(Tex. App.—Tyler Nov. 5, 2018, pet. granted) (mem. op. on reh'g, not designated for publication) ("We hold the prior conviction requirement for assault[–]family violence is an element of felony assault[–]family violence under Section 22.01(a)(1)(A) and is required to be proven at the guilt phase of trial."); *Davis v. State*, 533 S.W.3d 498, 512–13 (Tex. App.—Corpus Christi–Edinburg 2017, pet. ref'd) (noting that to establish the offense of felony assault–family violence, "the State was required to prove that appellant was previously convicted of an [assault] ... against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code," and thus the "State must necessarily prove the existence of a prior conviction where, as here, it is an element of the charged offense"); *Wingfield v. State*, 481 S.W.3d 376, 379 (Tex. App.—Amarillo 2015, pet. ref'd) (stating that "[t]he prior conviction is an essential element of the felony offense" of assault–family violence). Because the 2015 conviction was relevant to prove that Minze was previously convicted of assault against a family member—an essential element of the underlying charged offense—the trial court did not abuse its discretion by admitting the evidence related to the conviction.

We also agree with the State that Minze's prior conviction was admissible under Texas Code of Criminal Procedure Article 38.371. Although extraneous offense evidence is not normally admissible at the guilt phase of trial, extraneous offense evidence may be admissible when it has relevance apart from character conformity. *See* Tex. R. Evid. 404(b); *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011).

The Legislature has determined that in prosecutions for assaults of family members, evidence related to the nature of the relationship itself is a permissible non-character-conformity purpose for which extraneous offense evidence is admissible. *See* Tex. Code Crim. Proc. Ann. art. 38.371(b); *Fernandez v. State*, 597 S.W.3d 546, 565 (Tex. App.—El Paso 2020, pet. ref'd). Accordingly, the trial court did not abuse its discretion by admitting the evidence of Minze's 2015 assault of Wendy because it showed that the nature of their relationship was not just a drug-fueled, toxic "[g]ood love gone bad" relationship, as Minze claimed, but was one in which Minze was the aggressor and physically attacked Wendy when provoked by some perceived slight.

Thus, even assuming that Minze preserved his point of error for our review, we hold that the trial court did not abuse its discretion by admitting the evidence of his 2015 assault-involving-family-violence conviction because: 1) the State was required to prove that Minze was previously convicted of assault against a family member to prove the underlying offense; and 2) evidence of Minze's prior assault family violence conviction was admissible to show the nature of the relationship between Minze and Wendy.

### III.   CONCLUSION

Having overruled Minze's single point on appeal, we affirm the trial court's judgment.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  May 20, 2021