**AFFIRMED and Opinion Filed July 25, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00685-CR

**JOSE EDUARDO ANGUIANO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F16-59903-P**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Smith
Opinion by Justice Schenck

Appellant Jose Eduardo Anguiano appeals his conviction for indecency with a child. In four issues, appellant asserts he is entitled to a new punishment hearing because the trial court (1) implied he would suffer adverse consequences if he did not waive his Fifth Amendment right to remain silent and testify, (2) failed to consider the full range of punishment, (3) failed to afford him his common-law right to allocution, and (4) imposed a sentence that violates the objectives of the Texas Penal Code. The State, by cross issue, asserts the trial court's judgment should be modified to reflect that appellant was sentenced to confinement for eighteen (18) years in the Texas Department of Corrections, rather than eight (8) years, and that

the sex-offender registration requirements do apply to appellant. Subsequent to the filing of the State's appellate brief, the trial court entered a judgment correcting the deficiencies noted by the State. Accordingly, we overrule the State's cross issue as moot. For the reasons set forth herein, we overrule appellant's issues and affirm the trial court's judgment as corrected. Because all issues are settled in the law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

Originally, appellant was indicted for the offense of continuous sexual abuse of a child younger than fourteen years of age. Upon the State's motion, the charged offense was reduced to the lesser-included offense of indecency with a child by contact. Thereafter, appellant executed a judicial confession and entered an open plea of guilty before the trial court. The plea exposed appellant to a punishment range between two to twenty years confinement and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.32.

The State offered the police report associated with the offense into evidence during the plea hearing. The trial court admitted the report without objection. The police report indicated that appellant called 9-1-1 on November 23, 2016, and reported that he had been having an inappropriate sexual relationship with his step-daughter, who was then thirteen years old. The relationship began in October 2013 and continued until October 2016.

At the plea hearing, both parties notified the court that they had no witnesses. The prosecutor indicated she had spoken to members of the child's family who told her they wanted a long sentence but did not want to come to trial. Appellant's counsel argued for a light sentence pointing out that appellant had not previously been convicted of a crime, realized the harm his conduct was causing the child, and took responsibility for his actions by calling the police and reporting the crime. The court commented that it had no evidence upon which to base its sentence because of the lack of witnesses. The prosecutor then asked the court to reset the proceeding, so the family could come to court. The trial court recessed the proceedings and resumed the hearing a few weeks later.

No witnesses testified when the hearing resumed and again the trial court heard argument from counsel. Appellant's counsel again pointed out that appellant had no criminal history and accepted responsibility for his offense. The prosecutor noted that although appellant took responsibility for his actions, the child would be affected for the rest of her life by his repeated assaults. The prosecutor asked the court to sentence appellant towards the maximum amount of time. The trial court commented:

> [I]t would have been nice to hear something from the other side, although the defendant turned himself in and has agreed to plead guilty.

Apparently, the trial court's comment was directed to the State as the prosecutor then indicated the child was not present because her mother thought it would be harmful

for her to see appellant and relive the abuse by testifying. The prosecutor confirmed that the complainant was thirteen years old when she made an outcry to her mother.

The trial court judge commented that this is an extremely serious case and that a thirteen-year-old girl is "a very, very, very young girl." The judge indicated she appreciated that appellant turned himself in and acknowledged his guilt. She then sentenced appellant to confinement for eighteen years because "[he] know[s] better." This appeal followed.

## DISCUSSION

### I. Judicial Bias

In his first issue, appellant urges certain comments made by the trial court implied he would suffer adverse consequences if he did not waive his Fifth Amendment right to remain silent and testify at punishment. Appellant urges, as a result, the trial judge was biased against him and he was deprived of his right to a "neutral and detached judge."

A defendant has a right to an absolute impartial judge at both the guilt–innocence and punishment phases of trial. *Phifer v. State*, No. 05-18-01232-CR, 2020 WL 1149916, at *10 (Tex. App.—Dallas Mar. 10, 2020, pet. ref'd) (mem. op., not designated for publication); *Segovia v. State*, 543 S.W.3d 497, 503 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (citing *Hernandez v. State*, 268 S.W.3d 176, 184 (Tex. App.—Corpus Christi 2008, no pet.)). The Fifth Amendment prevents a person from being compelled in any criminal case to be a witness against himself.

–4–

U.S. CONST. amend. V. A sentencing court may not consider a defendant's invocation of her constitutional right of silence as a circumstance against him or her when determining punishment. *Mitchell v. United States*, 526 U.S. 314, 425 (1999) (waiver of the privilege against self-incrimination pursuant to a guilty plea does not waive the privilege at sentencing); *Carroll v. State*, 42 S.W.3d 129, 133 (Tex. Crim. App. 2001).

Appellant contends the comments about which he complains demonstrate the trial judge's bias against him. Recognizing that he did not object to the comments, he urges that, due to his invocation of his Fifth Amendment right during his sentencing hearing, the complained-of comments affected a substantial right and thus equated to fundamental error that requires no trial objection to present the issue to this Court. *See, e.g.*, TEX. R. EVID. 103(e) ("[I]n criminal cases, a court may take notice of a fundamental error affecting a substantial right, even if the claim of error was not properly preserved."); TEX. R. APP. P. 33.1(a) (requiring a timely request, objection, or motion to preserve a complaint for appellate review). Most appellate complaints must be preserved by timely request for relief in the trial court. TEX. R. APP. P. 33.1(a)(1); *Unkart v. State*, 400 S.W.3d 94, 98 (Tex. Crim. App. 2013). However, there are some exceptions to this rule. *See Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002). The court of criminal appeals has recognized two "relatively small" categories of errors—violations of "rights which are waivable

–5–

only" and denials of "absolute systemic requirements"—which may be addressed on appeal regardless of whether an objection was made in the trial court. *Id.*

Appellant, relying on *Proenza v. State*, 541 S.W.3d 786, 788–89 (Tex. Crim. App. 2017), contends that he did not need to object to preserve his complaint on appeal. *Proenza* involved a trial judge making improper comments on the weight of the evidence in front of a jury in violation of article 38.05 of the code of criminal procedure. *Id.* The current case does not involve an alleged violation of article 38.05, rather it involves an assertion that appellant urges was an indication that the trial judge wanted him to waive his Fifth Amendment right to remain silent. Nevertheless, if we assume, without deciding, that appellant was not required to object to the trial judge's comments in order to raise his complaint on appeal, for the reasons set forth herein, we resolve appellant's complaint against him.

In the Texas adversarial system, the judge is a neutral arbiter between advocates, "he is not involved in the fray." *Brown v. State*, 122 S.W.3d 794, 797 (Tex. Crim. App. 2003). Due process requires a neutral and detached judgment. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). A neutral and detached hearing officer is not synonymous with a silent observer. *Seely v. State*, No. 03-17-01149-CR, 2018 WL 5118647, at *1 (Tex. App.—Dallas Oct. 22, 2018, pet. ref'd) (mem. op., not designated for publication); *Gale v. State*, No. 05-17-00592-CR, 2018 WL 3434511, at *4 (Tex. App.—Dallas July 17, 2018, pet. ref'd) (mem. op., not designated for publication). Absent a clear showing of bias, a trial

court's actions will be presumed to have been correct. *Brumit*, 206 S.W.3d at 645. To reverse a judgment on the ground of improper conduct or comments of the judge, we must be presented with proof (1) that judicial impropriety was in fact committed, and (2) of probable prejudice to the complaining party. *Brumit*, 206 S.W.3d at 645. Judicial remarks made during the course of a trial that are critical or disapproving of, or even hostile to counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. *Id.*

Judicial remarks may suggest improper bias if they reveal an opinion deriving from an extrajudicial source, but when no extrajudicial source is alleged, such remarks will constitute grounds for reversal only if they reveal such a high degree of favoritism or antagonism as to make a fair judgment impossible. *Id.* To constitute bias clearly on the record, the deep-seated antagonism must be apparent from the judicial remarks themselves without "interpretation or expansion" by an appellate court. *Gaal v. State*, 332 S.W.3d 448, 457 (Tex. Crim. App. 2011).

In this case, appellant does not allege that the trial court judge's remarks revealed an opinion derived from an extrajudicial source; therefore, he must show that the trial court displayed a deep-seated favoritism or antagonism that would make fair judgment impossible. *See Brumit*, 206 S.W.3d at 645. He alleges two instances in the record show the trial court's bias against him. More particularly, appellant contends the following statements show the trial judge's bias against him:

The only evidence I have today is the defendant pleading guilty, that's it, I have no other evidence . . . I haven't heard from the defendant, he hasn't told me one thing.

. . . .

The Court will agree that these cases are extremely serious. As Judge, it would have been really nice to hear something from the other side, although the defendant has turned himself in and had agreed to plead guilty. So, therefore, I'm going to take this plea and I have to make a decision.

As to the first statement, it was made after both the prosecution and the defense announced they had no witnesses to present, and was thus not necessarily directed solely at appellant himself as a potential witness. The complained-of statement was included within the following remarks of the trial judge:

Attorneys, both of you have placed me in an extremely awkward situation. How many times have you heard me tell jurors that they're only to consider evidence from the witness stand[?] The only evidence I have today is the defendant pleading guilty, that's it. I have no other evidence. The police report is not evidence, our conversation over here is not evidence. So you've placed me in a very awkward situation. Let me finish. Both of you are very respected attorneys and you do great jobs, but when you give a judge no evidence except a plea - - there is no evidence except a plea. I don't have the little girl here. She [hasn't] told me one thing. I haven't heard from the defendant, he hasn't told me one thing. All I know right now is that you reduced the offense to injury to a - - injury to a child - - no - - indecency with a child, and that could be the minimum - - the minimum kind of indecency that I can think of which doesn't deserve 18 years.

The trial court's comment about the lack of evidence was at least equally directed to the prosecution and the defense and does not show a deep seated antagonism toward appellant or favoritism toward the State. Rather, it shows the judge wanted to get

adequate information about the offense in order to make an informed decision on punishment.

With respect to the second comment, which occurred when the hearing resumed and it became apparent that the prosecution was unable to persuade the family to appear, it appears the judge was commenting that it would have been nice to hear from the complaining witness, not appellant. Thus, it is not a comment on appellant's invocation of his Fifth Amendment right to remain silent. Moreover, the record shows the trial court asked the prosecutor if there was an exculpatory evidence, indicating she was concerned about appellant's rights, and appellant's counsel presented argument on the mitigation issue.

After reviewing the entire record, we conclude the challenged comments do not clearly show an actual bias based on appellant's invocation of his Fifth Amendment right to remain silent. We overrule appellant's first issue.

## II. Consideration of Punishment Range

In his second issue, appellant claims the trial court failed to consider the full range of punishment and thereby violated his due process rights. The State responds stating appellant waived this complaint by not objecting to his sentence and, nevertheless, the record does not establish that the trial court judge arbitrarily refused to consider the full range of punishment.

A trial court's arbitrary refusal to consider the entire range of punishment for an offense or refusal to consider the evidence and impose a predetermined

punishment violates due process. *See Ex parte Brown*, 158 S.W.3d 449, 456 (Tex. Crim. App. 2005) (per curiam). Some complaints about prejudgment of punishment require a contemporaneous objection and some do not. *See* TEX. R. APP. P. 33.1(a)(1); *Hull v. State*, 67 S.W.3d 215, 217–18 (Tex. Crim. App. 2002). A contemporaneous objection is required only in instances where the prejudgment is clear or understood. *Brown*, 158 S.W.3d at 453 n.3. In other words, two types of cases exist for purposes of preservation of error. The first are cases like *Hull*, where the events as they occur in real time are clear enough to show prejudgment[1] requiring a timely objection as a prerequisite to a claim of error. *Hull*, 67 S.W.3d at 218. In the second type of case, the events are not clear enough either to require a contemporaneous objection or for an appellate court to conclude that the judge prejudged the case. *Brown*, 158 S.W.3d at 453.

In *Brown*, as here, there was no objection at the time of the imposition of the sentence. The *Brown* court excused the failure to object holding that the case fell into a category of cases where the events as they occurred were not adequate to show prejudgment because, while the trial court judge promised to impose the maximum prison sentence if the defendant violated the conditions of probation, at the revocation hearing the judge imposed the maximum sentence without any explanation for its basis. *Id.* at 453 n.3. Thus, the court concluded the trial record,

---

[1] In *Hull*, the court of criminal appeals held that the defendant, who was fully aware of the trial court's zero tolerance policy, forfeited his complaint about the imposition of "zero tolerance" probation because he did not object at the time his probation was revoked. 67 S.W.3d at 218.

–10–

by itself, is not necessarily adequate for the defendant to object and present a valid constitutional claim at the time of the conduct. *Id.*

Appellant's second issue centers on the trial court's statement: "All I know right now is that you reduced the offense to injury to a - - injury to a child - - no - - indecency with a child, and that could be the minimum - - the minimum kind of indecency that I can think of which doesn't deserve 18 years." As an initial matter, we conclude this statement is ambiguous, and therefore appellant's failure to preserve this complaint is excused. But his claim fails because he has presented no additional evidence that would cause us to conclude that the judge failed to consider the entire range of punishment. Contrary to appellant's assertion, this statement, by itself, does not establish the judge was not willing to consider anything near the lower half of the applicable punishment range. We overrule appellant's second issue.

## III. Right to Allocution

In his third issue, appellant argues he is entitled to a new sentencing hearing because the trial court violated his common-law right to allocution. The State replies, appellant failed to preserve this complaint for review.

The term "allocution" refers to a trial judge's asking a criminal defendant to speak in mitigation of the sentence to be imposed. *Watkins v. State*, No. 05-19-00557-CV, 2020 WL 1809503, at *4 (Tex. App.—Dallas Apr. 9, 2020, no pet.)

–11–

(mem. op., not designated for publication); *see also Green v. United States*, 365 U.S. 301, 304 (1961) (recognizing common law right of allocution).

However, to complain on appeal of the denial of the right of allocution, controlling precedent requires that a defendant timely object. *See Gallegos-Perez v. State*, No. 05-16-00015-CR, 2016 WL 6519113, at *2 (Tex. App.—Dallas Nov. 1, 2016, no pet.) (mem. op., not designated for publication) (citing *Tenon v. State*, 563 S.W.2d 622, 623 (Tex. Crim. App. 1978) (panel op.); *McClintick v. State*, 508 S.W.2d 616, 618 (Tex. Crim. App. 1974)).

The record reflects that at the conclusion of the hearing following appellant's plea of guilty, the trial court asked if there was "any reason at law whether or not [appellant] should not now be sentence," but did not ask appellant whether he had anything to say in mitigation. Appellant did not object to the trial court's failure to recognize his common-law right to allocution. Accordingly, we are compelled to overrule his third issue.

## IV. Punishment

In his final issue, appellant asserts the sentence imposed violates his rights under the penal code's expression of the objectives to be achieved under the code. The State replies, appellant failed to preserve his complaint.

To preserve alleged error relating to excessive punishment, a defendant must make a timely request, objection, or motion to the trial court. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003,

–12–

no pet.). Appellant did not complain about his sentence either at the time that it was imposed or in a post-trial motion. *See Castaneda*, 135 S.W.3d at 723.

Notwithstanding appellant's failure to preserve error, however, his argument fails. Appellant was sentenced to eighteen years' imprisonment, well within the applicable range of two to twenty years, and two years below its maximum. *See* PENAL § 12.33. As a general rule, as long as a sentence is assessed within the statutory range for an offense it is not excessive or unconstitutionally cruel or unusual. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd); *see Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (stating it is "the general rule that as long as a sentence is within the proper range of punishment it will not be disturbed on appeal."). Moreover, a trial court judge who sentences a defendant to a punishment that falls within the statutory range of punishment applicable to the crime of conviction acts in full compliance with the objectives of the Texas Penal Code. *Carpenter v. State*, 783 S.W.2d 232, 232–33 (Tex. App.—Dallas 1989, no pet.).

Section 1.02 of the penal code states the general purposes of the code "are to establish a system of prohibitions, penalties, and correctional measures to deal with conduct that unjustifiably and inexcusable causes or threatens harm to those individual or public interests for which state protection is appropriate." PENAL § 1.02. To accomplish that end, the code shall be construed to have six objectives, including insuring public safety through the deterrent influence of penalties,

rehabilitation, and punishment to prevent likely recurrence of criminal behavior. *Id.* § 1.02(1); *Arballo v. State*, No. 05-19-00616-CR, 2020 WL 2847287, at *1 (Tex. App.—Dallas June 2, 2020, no pet.) (mem. op., not designated for publication).

Appellant urges, because he had no prior convictions and took responsibility for his actions and ended the abuse, he is the type of person who could be rehabilitated. But rehabilitation is only one of the objectives of the penal system. Punishment is another. Nothing in the record indicates the judge did not consider all of the objectives of section 1.02. Based on the nature of the offense, we cannot conclude that appellant's sentence violated the objectives of the penal code. We resolve appellant's fourth issue against him.

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/

DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47

210685F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSE EDUARDO ANGUIANO,
Appellant

No. 05-21-00685-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F16-59903-P.
Opinion delivered by Justice
Schenck. Justices Osborne and Smith
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 25th day of July, 2022.